J-A17042-14

2015 PA Super 19

| | |
|---|---|
| CONNIE W. KERN, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| LEHIGH VALLEY HOSPITAL, INC., A PENNSYLVANIA CORPORATION LEHIGH VALLEY HOSPITAL-MUHLENBERG, A PENNSYLVANIA CORPORATION, AND LEHIGH VALLEY HEALTH NETWORK, INC. A PENNSYLVANIA CORPORATION, TOGETHER DOING BUSINESS AS LEHIGH VALLEY HEALTH NETWORK, AND DOES 1 THROUGH 25, INCLUSIVE | |
| Appellee | |
| APPEAL OF: CONNIE W. KERN | No. 2843 EDA 2013 |

Appeal from the Order entered August 14, 2013
In the Court of Common Pleas of Lehigh County
Civil Division at No: Case No. 2012-C-3438

BEFORE:  GANTMAN, P.J., PANELLA, and STABILE, JJ.

OPINION BY STABILE, J.:                    **FILED JANUARY 28, 2015**

Appellant/plaintiff Connie W. Kern appeals from the August 13, 2013,[1]

order of the Court of Common Pleas of Lehigh County (trial court), which

_____

[1] The docket indicates that the order was filed on August 14, 2013. Accordingly, we have corrected the caption in this case.

denied his motion for class certification for his claims against

Appellee/defendant Lehigh Valley Hospital, Inc.[2]  Upon review, we affirm.

This facts and procedural history of this case are undisputed.  As

relayed by the trial court:

> The case . . . arises from the hospital visit of [Appellant] on June 9, 2011.  On that date, [Appellant] was transported by ambulance to the emergency room at the Cedar Crest campus of [Lehigh Valley Hospital] [(]LVH[)] for injuries sustained at an amusement park.  Prior to treatment, [Appellant] signed the [a]uthorization for [t]reatment document admitted into evidence.  The heart of the issue raised by [Appellant] is based on the [p]ayment [g]uarantee paragraph of the [a]uthorization for [t]reatment document, where [Appellant] and other uninsured patients are not informed of the price they will pay versus what a privately insured or government insured patient would pay for the same services.  [Appellant] alleges that [Appellees] conceal that uninsured patients will be billed according to a "Chargemaster" list, which cannot be obtained by patients.
>
> On June 16, 2011, [Appellant] received a medical bill from LVH for $14,626.53.  Although [Appellant] settled his claim against the amusement park for his injuries for $1,000, he never attempted to pay LVH any of the amount billed for services, despite several notices.  On March 28, 2012, [Appellees] sent [Appellant] a [r]educed [c]ost of [c]are [a]pplication, which [Appellant] never completed, and [Appellant] never attempted to pay any amount of his medical bill.  On April 13, 2012, [Appellant] was served with a complaint for payment of debt owed for medical services which had been provided to him on June 9, 2011.  On August 16, 2012, the original [c]omplaint was filed in the action at bar and on September 4, 2012 [Appellees] withdrew [their] action for the collection of [Appellant's] debt.
>
> This case was briefly removed to Federal Court but was then returned to State Court by stipulation of the parties.  On November 26, 2012, [Appellant] filed an [a]mended [c]omplaint alleging three counts; breach of contract, breach of the covenant of good faith and fair dealing, and violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 P.S.

---

[2] We note that an order refusing to certify a class is an appealable collateral order.  **Hanson v. Federal Signal Corp.**, 679 A.2d 785, 788 (Pa. Super. 1996).

§ 201-1, *et seq.* ("UTPCPL").[3] Following preliminary objections by the [Appellees], this [trial court] issued an opinion on February 12, 2013 dismissing the breach of contract count because [Appellant's] pleadings were based on the Uniform Commercial Code and this case involves a services contract. In that opinion, th[e] [trial court] also dismissed the breach of the covenant of good faith and fair dealing count because LVH was acting as a creditor at the time of the relevant allegations and, as a creditor, was entitled to collection of the owed debt. Finally, in that opinion, [the trial court] overruled the objection to the count for violation of the UTPCPL, holding that a private citizen has standing under the statute merely because of the harm of a pending lawsuit. Following that opinion, th[e] [court] established a schedule for the parties to submit briefs on the issue of certification of the class and for a hearing on the issue of certification. The parties elected to present [a joint stipulation of facts] and certain exhibits by stipulation in lieu of presenting testimony at the hearing. The hearing was held on July 12, 2013 and both parties presented extensive argument.

Trial Court Opinion, 8/14/13, at 1-3 (internal record citation omitted).

Following the hearing, the trial court issued an order and opinion, denying Appellant's motion for class certification. In so doing, the trial court concluded that Appellant failed to meet two of the five prerequisites to sustain a viable class action under Pa.R.C.P. No. 1702.[4] *Id.* at 15.

---

[3] Appellant also alleged in his amended complaint that "[LVH's] conduct . . . violates . . . [Section 2270.4(b)(5) of the] Fair Credit Extension Uniformity Act (FCEUA), 73 P.S. § 2270.1 et seq., which prohibits the use of false, deceptive or misleading representation or means with the collection of any debt." Amended Complaint, 11/26/12, at ¶ 59.

[4] Pennsylvania Rules of Civil Procedure 1701-1717 govern class action lawsuits. Rule 1702 specifies the prerequisites to class certification:

One or more members of a class may sue or be sued as representative parties on behalf of all members in a class action only if

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

*(Footnote Continued Next Page)*

- 3 -

Specifically, the trial court held that, under Rule 1702(2), (5), Appellant failed to establish his claims presented "questions of law or fact common to the class" and the class action method of adjudication was "fair and efficient."[5] *Id.* at 16.

With respect to common questions of law or fact under Rule 1702(2), the trial court examined a litany of appellate cases dealing with the element of "reliance" concerning UTPCPL claims. Relying chiefly upon ***Weinberg v.***

---
*(Footnote Continued)*

    (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class;

    (4) the representative parties will fairly and adequately assert and protect the interests of the class under the criteria set forth in Rule 1709; and

    (5) a class action provides a fair and efficient method for adjudication of the controversy under the criteria set forth in Rule 1708.

Pa.R.C.P. No. 1702. The plain language of the rule indicates that failure to meet any one of the five prerequisites can be fatal to certification.

    At a class certification hearing, the burden of proof lies with the proponent; however, since the hearing is akin to a preliminary hearing, it is not a heavy burden. The proponent need only present evidence sufficient to make out a *prima facie* case from which the court can conclude that the *five class certification requirements are met*. This will suffice unless the class opponent comes forward with contrary evidence; if there is an actual conflict on an essential fact, the proponent bears the risk of non-persuasion.

***Clark v. Pfizer Inc.***, 990 A.2d 17, 24 (Pa. Super. 2010) (internal citation and quotation marks omitted) (emphasis added), ***appeal denied***, 13 A.3d 473 (Pa. 2010).

[5] The class action method of adjudication is fair and efficient if the "common questions of law or fact *predominate* over any question affecting only individual members." ***Liss & Marion, P.C. v. Recordex Acquisition Corp.***, 983 A.2d 652, 663 (Pa. 2009) (citing Pa.R.C.P. No. 1708(a)(1)) (emphasis in original).

*Sun Co.*, 777 A.2d 442 (Pa. 2001) and *Toy v. Metro. Life Ins. Co.*, 928 A.2d 186 (Pa. 2007), the court concluded that Appellant's UTPCPL claim "includes the element of individual reliance and therefore, does not meet the commonality of fact or law prerequisites for a class action." *Id.* at 7.

With regard to the "fair and efficient method for adjudication" requirement under Rule 1702(5), the trial court concluded that "individual reliance would be the predominant factor over the common issues." *Id.* at 11. The court compared the instant matter to *Debbs v. Chrysler Corp.*, 810 A.2d 137 (Pa. Super. 2002), *appeal denied*, 810 A.2d 137 (Pa. 2003). In so doing, it reasoned:

> In *Debbs*, the Superior Court found that allegations that a car manufacturer did not disclose certain safety information, as applied to the UTPCPL, was a question predominated by individual reliance on that information. *Debbs*, 810 A.2d at 158. Different consumers would have different opinions about the materiality of the disclosure based on their personal aversion to risk. *Id.* Some consumers may seek to replace an unsafe airbag, some may get a new car, and some may weigh the risks and take no action, all of which are reasonable and depend on the individual. *Id.* This analysis is well-suited for the case at bar where [Appellant] is alleging the hospital concealed information about its billing practices in the emergency room. It is reasonable to conclude that some individuals with lesser injuries would seek another hospital, some individuals are desperate for treatment and would not consider the information, while even other individuals would not care. As in *Debbs*, individual reliance would be a predominate factor over common issues.

*Id.* Accordingly, the trial court concluded that "common questions do not predominate over any question affecting only individual members." *Id.*

Finally, to buttress its determination that class action would not be a fair and efficient method of adjudication, the trial court concluded that Appellant failed to meet its burden of proof under Rule 1708(a)(6), which

provides "whether in view of the complexities of the issues or the expenses of litigation the separate claims of individual class members are insufficient in the amount to support separate actions." Pa.R.C.P. No. 1708(a)(6). The court found that Appellant "did not even attempt to prove" its burden in this regard. Trial Court Opinion, 8/14/13, at 14. In particular, the trial court found:

> [Appellant acknowledges he owes [Appellees] something for his services but claims the amount should be less than the Chargemaster amount. This [c]ourt has not been provided with the amounts which other prospective members were billed. It would seem reasonable to assume that the cost of medical treatment is fairly substantial and that most of the class members could have medical bills in the thousands if not hundreds of dollars. . . . In addition to members most likely having substantial bills, 73 P.S. § 201-9.2 permits the [c]ourt to award treble damages in private causes of action under the UTPCPL.

*Id.* at 13-14. The trial court concluded, "[b]ased on the potential damages and lack of evidence provided by [Appellant], this [c]ourt finds that individual members would have a sufficient incentive to bring separate causes of action if a class is not certified." *Id.*

Ultimately, the trial court concluded that class certification would not be appropriate because each class member would be required to prove justifiable reliance. *Id.* at 16. Appellant appealed to this Court.[6]

---

[6] The trial court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement of errors. In lieu of filing a Pa.R.A.P. 1925(a) opinion, the trial court filed a Rule 1925(a) statement, adopting its August 14, 2013, opinion.

On appeal,[7] Appellant raises two issues for our review:

1. Whether the trial court erred as a matter of law and abused its discretion when it concluded that a showing of class-wide, justifiable reliance was required for [Appellant's] UTP[CPL] claim on behalf of a putative class of uninsured emergency room patients, thus precluding class certification, even though all class members (a) signed contracts with identical payment-obligation provisions and (b) were, like [Appellant], billed amounts based on excessive, discriminating rates[?]

2. Whether the trial court's determination that [Appellant] failed to show unfeasibility of individual actions because such actions are potentially lucrative rests on a clearly erroneous fact and thus constitutes an abuse of discretion[?]

Appellant's Brief at 3-4. In his first argument, Appellant essentially invites us to conclude that the trial court applied the wrong legal standard with respect to justifiable reliance under the UTPCPL and, as a result, erred in its determination under Rule 1702(2) and (5) to deny class certification. We thus begin our analysis with the central issue on appeal, *i.e.*, whether individual, justifiable reliance is required for *private actions* under Section

_____

[7] Our standard for review of a trial court decision concerning class certification is well-established. "[C]lass certification is a mixed question of law and fact." ***Weismer v. Beech-Nut Nutrition Corp.***, 615 A.2d 428, 430 (Pa. Super. 1992) (citation omitted). A trial court's order granting or denying certification "will not be disturbed on appeal unless the court neglected to consider the requirements of the rules governing class certification [(*i.e.*, Rules 1702 and 1708)], or unless the court abused its discretion in applying [them]." ***Eisen v. Independence Blue Cross***, 839 A.2d 369, 371 (Pa. Super. 2003) (quoting ***Baldassari v. Suburban Cable TV Co., Inc.***, 808 A.2d 184, 189 (Pa. Super. 2002) (citations omitted)), ***appeal denied***, 857 A.2d 679 (Pa. 2004). "[I]t is the strong and oft-repeated policy of this Commonwealth that in applying the rules for class certification, decisions should be made liberally and in favor of maintaining a class action." ***Liss & Marion, P.C. v. Recordex Acquisition Corp.***, 937 A.2d 503, 508 (Pa. Super. 2007), ***aff'd***, 983 A.2d 652 (Pa. 2009).

201-9.2 of the UTPCPL. We need not look far for the answer to this question, as our Supreme Court has decided and reaffirmed that justifiable reliance is an element of all private claims under the UTPCPL.

In **Weinberg**, plaintiffs brought a class action against Sun Oil Company (Sunoco) under the UTPCPL. The plaintiffs "alleged that Sunoco's advertisements induced consumers to purchase Ultra® when their vehicles did not need the high level of octane the gasoline contained." **Weinberg**, 777 A.2d at 443-44. The Supreme Court distinguished private actions under Section 201-9.2 of the UTPCPL from actions brought by the Attorney General in the name of the Commonwealth under Section 201-4 of the UTPCPL.[8] In so distinguishing, the court rejected this Court's conclusion that the UTPCPL did not require plaintiffs to prove the traditional elements of common law fraud in all of their UTPCPL claims.[9] **Weinberg**, 777 A.2d at 446-47. The

---

[8] Section 201-4 provides:

> Whenever the Attorney General or a District Attorney has reason to believe that any person is using or is about to use any method, act or practice declared by section 3 of this act to be unlawful, and that proceedings would be in the public interest, he may bring an action in the name of the Commonwealth against such person to restrain by temporary or permanent injunction the use of such method, act or practice.

73 P.S. § 201-4.

[9] This Court had determined that although some of the claims plaintiffs brought under Section 201-2(4) (substantive section) of the UTPCPL were fraud-based and required proof of traditional elements of common law fraud, the false advertisement claims under Section 201-2(4) were different and did not require a showing of reliance. **Weinberg**, 777 A.2d 444-45.

Supreme Court determined that this Court's application of the UTPCPL was erroneous because it was premised on the considerations that guide the Attorney General when he/she is pursuing an enforcement action under Section 201-4. *Id.* at 445-46 ("There is no authority which would permit a private plaintiff to pursue an advertiser because an advertisement might deceive members of the audience and might influence a purchasing decision when the plaintiff himself was neither deceived nor influenced."). The court, noting that the UTPCPL's underlying foundation is fraud prevention, held that nothing in the legislative history of the UTPCPL ever intended statutory language directed at consumer fraud to do away with the traditional elements of reliance and causation in a private action under the UTPCPL. *Id.* at 446. The court, therefore, concluded that in private actions under Section 201-9.2, the plaintiffs had to "allege reliance, that they purchased Ultra® because they heard and believed Sunoco's false advertising that Ultra® would enhance engine performance." *Id.*

A short time later, in *Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425 (Pa. 2004), the court was called upon to decide, in part, whether plaintiffs, season ticket holders, failed to state a cause of action under the UTPCPL for false representations alleged to have been made in connection with the sale of stadium builder licenses. In holding that plaintiffs did not state a UTPCPL claim, the Supreme Court, citing *Weinberg*, concluded that a plaintiff in a private action under the UTPCPL "must show he justifiably relied on the defendant's wrongful conduct or

representation and that he suffered harm because of that reliance." *Yocca*, 854 A.2d at 438. Because the plaintiffs had explicitly disclaimed reliance on any representations under the terms of their sales contract, the court held the plaintiffs could not state a claim based upon reliance under the UTPCPL. *Id.* at 439.

In *Toy*, the Supreme Court held that its decision in *Weinberg* did indeed settle that justifiable reliance is an element of claims brought under the UTPCPL. At their class certification hearing, the plaintiffs in *Toy* argued individual class member need not show reliance on the defendant's allegedly deceptive ads to state a claim under the UTPCPL. *Toy*, 928 A.2d at 202. Citing again to its decision in *Weinberg*, the court held a plaintiff alleging violations of the UTPCPL must prove justifiable reliance.

Finally, in *Schwartz v. Rockey*, 932 A.2d 885 (Pa. 2007), in the context of addressing whether a court's discretion to treble damages under the UTPCPL should be constrained by common law requirements associated with punitive damages, the Supreme Court again noted that the justifiable reliance criteria under the UTPCPL derives from the causation requirement on the face of Section 201-9.2 that a plaintiff suffer an ascertainable loss *as a result of* a defendant's prohibited action. *Schwartz*, 932 A.2d at 897, n.16.

Despite this plethora of precedent, Appellant contends *Weinberg*, and all cases derivative of *Weinberg*, are not binding on cases involving post-1996 deceptive conduct, an obvious reference to the year in which our

Legislature amended the UTPCPL to include deceptive conduct as a violation of the UTPCPL. Instead, Appellant cites our decision in **Grimes v. Enter. Leasing Co. of Philadelphia, LLC**, 66 A.3d 330 (Pa. Super. 2013), **rev'd on other grounds**, __ A.3d __, 2014 WL 7088933 (Pa. 2014),[10] and dismisses our decision in **DeArmitt v. New York Life Ins. Co.**, 73 A.3d 578 (Pa. Super. 2013), to argue a plaintiff need not allege justifiable reliance in a private cause of action under the UTPCPL. We disagree.

In **Grimes**, we were confronted with the issue of whether the trial court erred in finding a plaintiff could not prevail on her UTPCPL claim because she did not allege a misrepresentation with respect to the deceptive conduct alleged in her complaint. Citing **Bennett v. A.T. Masterpiece Homes At Broadsprings, LLC**, 40 A.3d 145 (Pa. Super. 2012),[11] we held the plaintiff need not allege a misrepresentation because any deceptive

_____

[10] Following argument in this case, our Supreme Court issued a *per curiam* decision in **Grimes** on December 15, 2014, concluding that the appellee failed to allege in her pleadings that she suffered an ascertainable loss sufficient to support a verdict in her favor. **Grimes**, __ A.3d __, 2014 WL 7088933, at *3-4. Given its conclusion, the court declined to address "whether a private plaintiff who alleges deceptive conduct under the UTPCPL's 'catchall' provision need not plead or prove justifiable reliance." **Id.** at *3 n.3.

[11] **Bennett** did not address the issue whether justifiable reliance was a required element in a private action under the UTPCPL. Rather, **Bennett** only decided the trial court correctly charged the jury on the relevant standard for the UTPCPL catchall provision when it stated "misleading conduct" could constitute a violation under the UTPCPL, and then properly doubled the damage award.

conduct alleged under the catchall provision of the UTPCPL would be sufficient to state a private cause of action. This Court's passing reference in a footnote that plaintiff need not allege justifiable reliance was stated in the context of explaining that plaintiff need not prove the elements of common law fraud in an action that alleges deceptive conduct. Within days of our decision in **Grimes**, we decided **DeArmitt**, citing our Supreme Court's decision in **Toy**, where we reaffirmed a UTPCPL plaintiff still must prove justifiable reliance and causation in a private action, because our legislature never intended to do away with traditional common law elements of reliance and causation in an UTPCPL action. Our decisions in **Grimes** and **DeArmitt**, therefore, are not inconsistent with the decisions of our Supreme Court in **Weinberg** and its progeny.

We disagree with Appellant that **Weinberg** and its progeny are inapplicable to the matter *sub judice*. Importantly, those cases did not address private causes of action under the UTPCPL post-1996 when "deceptive conduct" was added as a violation to the catchall provision of the UTPCPL. Prior to 1996, the catchall provision at Section 201-2(4)(xvii) of the UTPCPL[12] only referenced "fraudulent conduct." At the core of Appellant's argument is his belief the element of justifiable reliance only is a product of fraudulent conduct. Appellant fails to recognize that the element

_____

[12] This provision was subsequently recodified at 73 P.S. § 201-2(4)(xxi).

of justifiable reliance under the UTPCPL is the product of both (a) the Legislature's intent not to do away with traditional elements of reliance and causation under the UTPCPL, and (b) the express provision under 201-9.2 that requires a private action plaintiff to prove an "ascertainable loss . . . *as a result of* the use or employment by any person of a method, act or practice declared unlawful" under Section 201-3 the UTPCPL.  73 P.S. § 201-9.2(a) (emphasis added).  **See also Weinberg**, **Schwartz**, **supra**. Accordingly, the element of justifiable reliance always was a part of private actions under the statutory language of the UTPCPL. Amendments in 1996 that added deceptive conduct to the catchall provision simply included other conduct that did not require proof of all elements of common-law fraud. **See Bennett**, **supra**.

Consistent with the foregoing cases, we conclude that the trial court here was correct in its determination that justifiable reliance is an element of private actions under Section 201-9.2 of the UTPCPL.  As such, Appellant had to demonstrate that he and all prospective class members justifiably relied on Appellee's alleged violations of the UTPCPL and, as a result of those alleged violations, suffered an ascertainable loss.  Thus, given its correct application of the law, the trial court did not abuse its discretion in determining that Appellant did not meet the second and fifth prerequisite of Rule 1702.  The trial court determined that the requirement for justifiable reliance as set forth in Section 201-9.2 of the UTPCPL defeats Rule 1702(2)'s requirement of commonality of facts and law between prospective class

members. Trial Court Opinion, 11/14/13, at 5-6. In addition, the trial court determined that, under Rule 1702(5), class action would not be a fair and efficient method of adjudication because individual reliance would be the predominant factor over the common issues. *Id.* at 11.

To the extent Appellant argues that the trial court erred in failing to consider and evaluate his claim under Section 2270.4(b)(5)[13] of the FCEUA for purposes of class certification and reliance, *see supra* footnote 3, we disagree. The enforcement provision at Section 2270.5 of the FCEUA provides "[i]f a debt collector or creditor engages in an unfair or deceptive debt collection act or practice under this act, it s*hall constitute a violation of the [UTPCPL]*." 73 P.S. § 2270.5 (emphasis added). The inclusion of a violation of the FCEUA as also being a violation of the UTPCPL, evinces a clear intent by our Legislature that FCEUA claims be treated in the same manner as other private action claims under the UTPCPL. Because violations of the UTPCPL can be filed as private actions, the inclusion of FECUA claims as additional violations of the UTPCPL permits them to be brought as private actions as well. *See also* 1 Pa. C.S.A. § 1932 (statutes in *pari materia* shall be construed together, if possible, as one statute)*.* As a private action under Section 201.9.2 of the UTPCPL, FECUA claims therefore must plead that a

---

[13] Appellant incorrectly provides the citation to this statute in his amended complaint as Section 2270.4(5). We have corrected the citation for purposes of this discussion.

plaintiff suffered an ascertainable loss *as a result of* a defendant's prohibited action. As stated earlier, this requires that justifiable reliance be pled. **See Schwartz**, **supra**. Accordingly, at worst, it was harmless error for the trial court not to have considered Appellant's claim that justifiable reliance was not required to be pled under his FECUA claim.

Appellant next contends that, in determining whether class action is a fair and efficient method of adjudication,[14] the trial court abused its discretion with respect to Rule 1708(a)(6). Specifically, Appellant challenges the trial court's conclusion that prospective class members most likely would have substantial bills and, as a result, if successful in their potential actions against Appellees, may benefit from the treble damages provision of the UTPCPL (Section 201-9.2(a)). We, however, reject his argument as lacking merit. With respect to the question of whether the separate claims of individual class members are *insufficient* in the amount to support separate actions, Appellant's own brief lends credence to the trial court's conclusion. We observe that, in his brief, Appellant points out that he submitted evidence to the trial court demonstrating that the average hospital bill was

_____

[14] As noted above, Rule 1708(a)(6) provides:

> [i]n determining whether a class action is a fair and efficient method of adjudication . . . the court shall consider . . . whether in view of the complexities of the issues or the expenses of litigation the separate claims of individual class members are insufficient in the amount to support separate actions.

Pa.R.C.P. No. 1708(a)(6).

$3,093.73 and that his own bill was $14,626.53. Appellant's Reply Brief at 14. The trial court, however, determined that Appellant failed to satisfy the requirements of Rule 1708(a)(6). Here, Appellant failed to present enough evidence to demonstrate that the *amount of the individual claims* would be insufficient to warrant grant of class certification. With respect to the trial court's observation that prospective class members may benefit from the treble damages provision, we discern no error. Section 201-9.2(a) of the UTPCPL explicitly provides that "[t]he court may, in its discretion, award up to *three times* the actual damages sustained." 73 P.S. § 201-9.2(a) (emphasis added).

In sum, because we determine that the trial court employed the proper legal standard regarding justifiable reliance under the private action provision of the UTPCPL, we do not disturb its ruling on Appellant's motion for class certification under Rule 1702.

Order affirmed.

Judge Panella joins the opinion.

President Judge Gantman concurs in the result.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/28/2015

- 16 -