J-A16026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JOANNA JOHNSON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ENERGY MANAGEMENT SERVICES AND LYNNWOOD GARDENS AND NHP MANAGEMENT CO., | |
| Appellees | No. 3610 EDA 2014 |

Appeal from the Order of July 2, 2004
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 1998-20864

BEFORE:  LAZARUS, OLSON and PLATT,* JJ.

MEMORANDUM BY OLSON, J.:               **FILED SEPTEMBER 03, 2015**

Appellant, Joanna Johnson, individually and on behalf of all others similarly situated, appeals from the collateral order entered on July 2, 2004, which partially decertified the class in this action.  The order was made appealable by the resolution of the "collateral matter" on October 31, 2014, when Appellant filed her *praecipe* to discontinue the only remaining certified claims in the case.  We affirm.

The trial court ably explained the facts leading to this appeal:

> [Appellant] initiated this action on November 19, 1998[, naming as defendants] Grand Cru Property One Limited Partnership and Grand Cru Property One Limited Partnership t/a Lynnewood Gardens, NHP Management Company, and Energy Management Systems, Inc.  After amendments to the original complaint, [Appellant] filed a Fourth Amended

*Retired Senior Judge assigned to the Superior Court.

Complaint on March 26, 1999. . . . [Within this complaint, Appellant] assert[ed] the following claims[:] breach of contract (lease agreement); breach of warranty of habitability; breach of covenant of quiet enjoyment; negligence; negligence per se; breach of contract (property management agreement); breach of contract (EMS agreement); negligent misrepresentation and/or fraud[; and,] violation of the [Unfair Trade Practices and Consumer Protection Law ("UTPCPL")].

On April 3, 2000[, Appellant] filed a motion for class certification seeking to represent a class consisting of former and current tenants at Lynnewood Gardens Apartments. The claim underlying the class action arises from alleged electrical service shutoff or discontinuance by one or more of the defendants for reasons other than accident, emergency, repairs[,] or changes with respect to the dwelling units in the apartment complex.

[The trial court] considered [Appellant's motion for class certification] along with [the] defendants' opposition thereto. . . . [The trial court] granted [Appellant's] motion. On October 3, 2000[, the trial court] certified the class as to the Fourth Amended Complaint in its entirety. The class [was defined as:

All present and former tenants and residents of dwelling units at the Lynnewood Gardens Apartments (a) who had electrical service shut off or discontinued by one or more of the defendants for any reason other than by accident, or for emergency, repairs, or changes, and/or (b) who paid a "late charge" with respect to electrical service to a dwelling unit at Lynnewood Gardens.

Trial Court Order, 10/30/00, at 1].

[At the conclusion of discovery, the] defendants filed motions for class decertification. . . . Oral argument [on the motion was] conducted on July 2, 2004. After consideration of defendants' briefs, [Appellant's] opposition thereto, and all other responses, [the trial court concluded] that changes in the litigation and in the law require[d] decertification of [all claims except for the contract claims. Therefore, on July 2, 2004, the trial court entered an order granting the

- 2 -

defendants' motions for class decertification "except as to the contract claims."]

At the time of the original certification[, the] class action was "all about the wrongful turnoff of electricity to the Lynnewood Garden Apartments," when electrical service was discontinued due to nonpayment. [Appellant's Motion for Class Certification, 9/15/00, at 1. Appellant] relied on a Cheltenham Township ordinance, Cheltenham Code, Chapter 167 § 167-5.E, prohibiting electrical shut-off for non-payment.

Since that time, [Appellant] developed her claims completely and thoroughly. [At the time the trial court granted the defendants' motions for class decertification, Appellant sought] damages not only for the above described alleged improper shut-off and/or discontinuance of electrical service[,] but [Appellant also sought] damages in regard to "delinquent notices," asserting that any class member who received a delinquent notice [had] been harmed. These notices in part asserted a late fee for the unpaid electric bill, and warned the tenant of possible electrical service shut-off in the event of non-payment of the electric bill together with the late fees. [Appellant claimed] that these [] notices misled the [respective] tenant [into believing that] defendants had [the] authority to shut-off [and] discontinue electrical service for nonpayment, thereby causing such a class member to pay "illegal" late fees. [The trial court thus concluded that, with respect to the fraud, negligence, and violation of the UTPCPL claims, the class did not satisfy the commonality requirement (because a fiduciary relationship did not exist between the parties, detrimental reliance varied from person to person, and individual questions predominated on the issue of causation) or the typicality requirement (because Appellant's "overall position [was] not aligned with those of the class members"). Hence, the trial court entered its July 2, 2004 order, partially decertifying the class].

Trial Court Opinion, 8/12/04, at 1-4 (internal footnote omitted and some internal capitalization, citations, and corrections omitted).

On October 31, 2014, with leave of court, Appellant discontinued her only remaining certified class claims in the case. This resolved the "collateral matter" concerning the decertification of the class. *See Jones v. Faust*, 852 A.2d 1201, 1203 ("the timeliness of appeals from collateral orders depends not upon entry of the order itself, but upon resolution of the collateral matter"). On November 7, 2014, Appellant filed a timely notice of appeal from the July 2, 2004 collateral order, which partially decertified the class. *See Clark v. Pfizer, Inc.*, 990 A.2d 17, 23 n.3 (Pa. Super. 2010) (holding that an order decertifying a class action is appealable as a collateral order); *but see Basile v. H&R Block, Inc.*, 52 A.3d 1202, 1206 n.4 (declaring: "[t]he Superior Court maintains that orders denying certification, or decertifying a class action, are immediately appealable as collateral orders. . . . The limited grant of allocatur in this case does not encompass the question of whether the decertification order qualifies for as-of-right interlocutory appellate review") (internal citations omitted).

Appellant raises the following two claims on appeal:

> 1. Is a private consumer, such as [Appellant] and each member of her proposed class, required to prove reliance on a misrepresentation in order to make out a claim for alleged violations of the [UTPCPL] based upon (1) violations of the then-applicable Debt Collection Trade Practices Act ("DCTPA"), 37 Pa. Code §§ 303.1 et seq., promulgated pursuant to the UTPCPL and/or (2) violations of the UTPCPL's "catch all" provision which prohibits "deceptive" conduct?
>
> 2. In order to succeed on their claims under the UTPCPL and DCTPA, were [Appellant] and her class required to prove

"that each member received the delinquent notice, read the notice and believed the threat of electrical service shut off contained in the notice and that this reliance resulted in the payment of late fees"?

Appellant's Brief at 6 (some internal capitalization and corrections omitted).

We have reviewed the briefs of the parties, the relevant law, the certified record, and the well-written opinions from the able trial judges. We conclude that the claims raised in Appellant's brief are meritless and that the trial court's opinions, filed on August 12, 2004 and December 5, 2012, meticulously and accurately explain why Appellant's claims fail.[1] Therefore, we adopt the trial court's opinions as our own. In any future filings with this or any other court addressing this ruling, the filing party shall attach copies of the trial court's opinions.

Order affirmed. Jurisdiction relinquished.

---

[1] **See also Kern v. Lehigh Valley Hosp., Inc.**, 108 A.3d 1281, 1289 (Pa. Super. 2015) ("the element of justifiable reliance always was a part of private actions under the statutory language of the UTPCPL"); **Kern**, 108 A.3d at 1290 ("[a]s a private action under Section 201–9.2 of the UTPCPL, [Fair Credit Extension Uniformity Act ('FCEUA')] claims therefore must plead that a plaintiff suffered an ascertainable loss **as a result of** a defendant's prohibited action. . . . [T]his requires that justifiable reliance be pled") (emphasis in original); **Williams v. Empire Funding Corp.**, 227 F.R.D. 362, 366 n.2 (E.D.Pa. 2005) ("[t]he [FCEUA] . . . superseded the [DCTPA], effective June 2000").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/3/2015