NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-2348
_____

EDWARD BLOOM,
                                        Appellant

v.

JP MORGAN CHASE BANK, N.A.;
CHASE MORTGAGE HOLDINGS, INC.;
CHASE HOME FINANCE, LLC;
RUSHMORE LOAN MANAGEMENT SERVICES, LLC;
U.S. BANK NATIONAL ASSOCIATION
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-20-cv-01386)
District Judge: Honorable William S. Stickman
_____

Argued: April 13, 2022

Before: AMBRO, JORDAN, and SCIRICA, *Circuit Judges.*

(Filed: August 26, 2022)


Ryan D. Very
Leah M. Wilson [ARGUED]
Very Law
500 Grant Street
Suite 2900
Pittsburgh, PA  15219

        *Counsel for Appellant*

Stephen M. Hladik [ARGUED]
Hladik Onorato & Federman
298 Wissahickon Avenue
North Wales, PA 19454

> *Counsel for Appellees Rushmore Loan Management Services, LLC and U.S. Bank National Association*

————————————

OPINION[*]

————————————

**SCIRICA**, *Circuit Judge*

Edward Bloom appeals the United States District Court's dismissal of his complaint for failing to state a plausible claim against Appellees, U.S. Bank National Association ("U.S. Bank") and Rushmore Loan Management Services, LLC ("Rushmore") (collectively the "U.S. Bank Defendants"), regarding a mortgage on a property he owned. The District Court correctly held that most of the allegations in the complaint predated the 2017 assignment of the mortgage to the U.S. Bank Defendants and Bloom did not allege facts demonstrating the U.S. Bank Defendants should be liable for any actions taken by prior holders of the mortgage. And the alleged actions taken by the U.S. Bank Defendants do not plausibly support any of the claims in the complaint against those defendants. Accordingly, we will affirm.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

## I.

This case arises out of Appellant's default on a note (the "Note") and mortgage (the "Mortgage") executed in favor of JP Morgan Chase Bank in 2007. On May 18, 2017, the Note and Mortgage were assigned to U.S. Bank, in the care of its mortgage servicer, Rushmore. This assignment was recorded in the Allegheny County Department of Real Estate on September 1, 2017.

On August 21, 2020, Appellant filed a complaint in Pennsylvania state court against the U.S. Bank Defendants as well as the banks that had controlled the Note and Mortgage before their assignment to U.S. Bank in 2017 (the "Chase Defendants"). The case was subsequently removed to the United States District Court for the Western District of Pennsylvania.

The complaint largely focuses on an alleged oral modification of the written Mortgage between Appellant and the Chase Defendants in 2012. Most of the specific facts alleged in the complaint occurred between 2012 and 2016, when the Chase Defendants held the mortgage.

On June 21, 2021, the District Court dismissed all counts against all defendants under Fed. R. Civ. P. 12(b)(6). The District Court dismissed several counts against the Chase Defendants as time barred under the applicable statute of limitations and the remainder for improper pleading. The District Court dismissed all counts against the U.S. Bank Defendants due to Appellant's failure to state a plausible claim. In dismissing the claims against the U.S. Bank Defendants, the District Court held that the material

3

allegations in the complaint predated the 2017 assignment of the Note and Mortgage to the U.S. Bank Defendants and could not be tied to the U.S. Bank Defendants.

Appellant appeals the dismissal of the claims with respect to the U.S. Bank Defendants only.[1]

## II.

We exercise plenary review over a district court's dismissal of claims under Rule 12(b)(6). *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). To survive a motion to dismiss, a plaintiff must allege sufficient facts that, if accepted as true, state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). We must accept all well-pleaded factual allegations as true, but we are "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (cleaned up).

## III.

Before turning to the specific claims asserted in the complaint, we consider two contentions Appellant makes regarding what he claims were errors made by the District Court. First, Appellant claims the District Court erred in holding the U.S. Bank Defendants did not act as agents of the Chase Defendants with respect to the Mortgage and Note. But we agree with the District Court's conclusion that the complaint does not allege facts sufficient to demonstrate an agency relationship between the Chase Defendants and the U.S. Bank Defendants.

---

[1] Appellant notes that he has settled his claims against the Chase Defendants.

An agency relationship, in which an agent will be held to have authority to act for the principal, is only created in specific circumstances: when there is "(1) express authority, (2) implied authority, (3) apparent authority, and/or (4) authority by estoppel." *Walton v. Johnson*, 66 A.3d 782, 786 (Pa. Super. Ct. 2013). In his complaint, Appellant does not allege any express or implied authority granted to the U.S. Bank Defendants to act for the Chase Defendants, any apparent authority for the U.S. Bank Defendants to act for the Chase Defendants, or any reason why the Chase Defendants should be estopped from denying an agency relationship existed. Indeed, Appellant raised the agency theory for the first time in his briefing to the District Court.

But even if Appellant's agency theory had been properly pleaded, it would not be relevant to his claims against the U.S. Bank Defendants at issue in this appeal. Appellant does not claim the alleged principal (the Chase Defendants) should be held liable for the actions of an alleged agent (the U.S. Bank Defendants). *See, e.g.*, Restatement (Third) of Agency § 6.01 (2006) ("When an agent acting with actual or apparent authority makes a contract on behalf of a disclosed principal, (1) the principal and the third party are parties to the contract; and (2) the agent is not a party to the contract unless the agent and third party agree otherwise."). Rather, Appellant suggests the inverse, that the alleged agent (the U.S. Bank Defendants) should be held liable for the actions of the alleged principal (the pre-2017 actions by the Chase Defendants). Appellant cites no authority, and we are aware of none, for this backward application of agency law.

Second, Appellant contends the District Court erred in holding that the U.S. Bank Defendants are in possession of the Note. Specifically, Appellant contends the U.S. Bank

Defendants are not "in possession of the Note and therefore do not have the rights of enforcement on that Note." Appellant's Br. 10. But this argument is not supported by the facts alleged in the complaint. The complaint alleges the Note and Mortgage were assigned to the U.S. Bank Defendants in 2017 and that this assignment was recorded. Appellant cites no allegations in the complaint, and we have found none, suggesting the U.S. Bank Defendants are not in possession of the Note.

Moreover, Appellant never explains why the U.S. Bank Defendants' right to enforce the Note is relevant to the claims asserted in the complaint. While the U.S. Bank Defendants' right to enforce the Note might be relevant as a defense in a foreclosure action, *see, e.g.*, *Bayview Loan Servicing LLC v. Wicker*, 163 A.3d 1039, 1044–47 (Pa. Super. Ct. 2017), Appellant never explains its relevance for the causes of action asserted in the complaint.

IV.

Turning to the claims asserted in the complaint, we agree with the District Court that Appellant failed to plead any plausible claim against the U.S. Bank Defendants. The bulk of the allegedly illegal conduct described in the complaint occurred before 2017 and involved the Chase Defendants, not the U.S. Bank Defendants. The complaint's conclusory assertions that "Defendants' actions have been ongoing," App. 33 ¶ 135; 34 ¶ 132; 35 ¶ 145; 36 ¶ 151; 38 ¶ 160; 40 ¶ 189; *see also* App. 39 ¶ 169 ("Defendants' actions and breaches have been ongoing."), do not explain for which specific actions the U.S. Bank Defendants are responsible and why those actions plausibly entitle Appellant to relief against those defendants.

6

There are few factual allegations in the complaint specifically regarding the U.S. Bank Defendants. Appellant includes cursory allegations that Appellant "received multiple phone correspondences from Rushmore," which were "in direct violation of state and federal law." App. 30 ¶¶ 109–11. The only count asserted in the complaint referencing these phone correspondences is Count III, asserting a violation of Pennsylvania's Fair Credit Extension Uniformity Act (the "FCEUA"). *See* App. 34 ¶¶ 137–41. But taken in the light most favorable to Appellant, the facts alleged in the complaint related to these phone contacts do not plausibly establish a violation of the FCEUA. "As a private action under Section 201–9.2 of the [Unfair Trade Practices and Consumer Protection Law], FCEUA claims therefore must plead that a plaintiff suffered an ascertainable loss *as a result of* a defendant's prohibited action." *Kern v. Lehigh Valley Hosp., Inc.*, 108 A.3d 1281, 1290 (Pa. Super. Ct. 2015); *see also Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 182 (3d Cir. 2015) ("Kaymark failed to allege ascertainable loss because he cannot point to actual damages as a result of the disputed fees listed in the Foreclosure Complaint."), *abrogated on other grounds by Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029 (2019). The complaint contains no allegations regarding any loss Appellant may have suffered as a result of these allegedly prohibited phone contacts. Accordingly, since the complaint fails to allege any ascertainable loss resulting from the U.S. Bank Defendants' actions, Count III does not assert any plausible claim for relief against those defendants.

The remaining counts also fail to allege sufficient facts related to the U.S. Bank Defendants' actions to support any plausible claim against those defendants. For

example, Count IV alleges violations of the Fair Debt Collection Practices Act and the FCEUA against all the defendants. Paragraph 149[2] in the complaint sets out the alleged actions by the defendants that supposedly support these claims: the "sending of periodic mortgage statements which reference the imposition of a 7.875% interest rate from April 1, 2011 through August 1, 2014," which were allegedly "false, deceptive and misleading representations in connection with the collection of Plaintiff's debt which misrepresented the character, amount, and legal status of Plaintiff's debt." App. 36 ¶ 149. But the only mortgage statement cited in the complaint allegedly stating this incorrect interest rate is the August 1, 2014, Account Statement sent by Chase, not the U.S. Bank Defendants. The complaint does not allege the U.S. Bank Defendants sent any mortgage statements that misstated the interest rate imposed on the Mortgage for any period, and, as discussed above, Appellant cannot rely on an agency theory to hold the U.S. Bank Defendants liable for the Chase Defendants' actions.

As another example, Count V cites the following as evidence of an alleged violation of the Unfair Trade Practices and Consumer Protection Law: the imposition of a 7.875% interest rate from April 1, 2011, through August 1, 2014; a March 31, 2012 verbal agreement; an August 26, 2014 increase to Appellant's principal balance; the return of Appellant's October 20, 2014 payment; an October 27, 2014 threat to foreclose; and a July 8, 2016 Notice of Account Correction. All these allegations predate the assignment of the Note and Mortgage to the U.S. Bank Defendants and do not plausibly

---

[2] Paragraph 150 is identical to paragraph 149.

8

support a claim under the Unfair Trade Practices and Consumer Protection Law against those defendants.

Though Appellant contends the complaint should survive the U.S. Bank Defendants' motion to dismiss, he does not specify which counts he thinks are supported by the allegations in the complaint. Indeed, we do not think the allegations in the complaint plausibly support any of the claims against the U.S. Bank Defendants.

V.

Finally, Appellant contends the District Court erred by closing the docket without first granting Appellant leave to amend the complaint. But Appellant never sought leave from the District Court to amend the complaint and raises this issue for the first time on appeal. "[I]n ordinary civil litigation it is hardly error for a district court to enter final judgment after granting a Rule 12(b)(6) motion to dismiss when the plaintiff has not properly requested leave to amend its complaint." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 253 (3d Cir. 2007).

VI.

Because Appellant failed to state a plausible claim for relief against the U.S. Bank Defendants, we will affirm the District Court's dismissal of his complaint.