## Commonwealth v. Greene

*Edward B. Duffy*, assistant district attorney, for Commonwealth.

*Julian W. Barnard*, for defendant.

KNIGHT, P. J., November 22, 1940.—Defendant was charged with the violation of three separate provisions of The Vehicle Code of May 1, 1929, P. L. 905, as amended by the Act of June 29, 1937, P. L. 2329. He waived a hearing, and gave bail for his appearance in this court. After the transcript had been returned, defendant filed on May 20, 1940, a motion to quash the proceedings and for judgment for defendant. On September 6, 1940, defendant filed an amended motion to quash the proceedings.

The first information charges that defendant "at or about the hour of 11.55 o'clock A. M. D. S. T. on the 25th day of April 1940 . . . violated Sub Section A. Section

1001 Article 10 of the Vehicle Code of the Commonwealth of Pennsylvania . . . by operating a motor vehicle in such a manner as to endanger the lives and property of other people, disregarding the rights and safety of others . . ."

Section 1001 of The Vehicle Code, supra, reads as follows:

"Reckless driving is unlawful, and, for the purpose of this act, is construed to include the following:

"(a) Any person who drives any vehicle or street car or trackless trolley omnibus upon a highway carelessly and wilfully, or wantonly disregarding the rights or safety of others, or in a manner so as to endanger any person or property."

It is contended that the first information is fatally defective, in that the words "carelessly", "wilfully", and "wantonly" are left out.

From a reading of section 1001(a), supra, it appears that the legislature contemplated two courses of conduct in driving: One in which the driver carelessly and wilfully, or wantonly, disregards the rights or safety of others; or, second, when the car is operated in such a manner as to endanger any person or property. If, as here, defendant is charged with operating his car in such a manner as to endanger the lives and property of other people, it would seem that the use of the words "carelessly", "wantonly", or "wilfully", are unnecessary.

Assuming that the words omitted from the information apply to the whole of section 1001(a), still we are of the opinion that their omission from the information is not a fatal defect.

The law does not require that an information be as skilfully and exactly drawn as an indictment: Commonwealth v. Miller et al., 77 Pa. Superior Ct. 469. Particularly is this true, when the information is drawn by a justice of the peace, who is not learned in the law, and from whom is not expected that same precision and skill in drafting pleadings required in a court of record.

Indictments have been sustained where the charge has been set forth substantially in the language of the act of assembly prohibiting the crime, and no stricter rule should apply to the information.

In Commonwealth v. Stiver, 32 D. & C. 319 (1938), the information simply charged defendant with a violation of section 1001 (a) of The Vehicle Code, yet the information was sustained. The purpose of the information is, inter alia, to acquaint defendant with the charge laid at his door. Here, defendant is charged in the information with a violation of section 1001 (a) of The Vehicle Code of 1929. The time and place of the alleged offense are set forth with particularity, and he is charged with operating "A motor vehicle in such a manner as to endanger the lives and property of other people, disregarding the rights and safety of others."

We think this sufficient to inform defendant of the charge he will be called upon to meet.

In arriving at this conclusion, we have not overlooked Commonwealth v. Douglas, 31 D. & C. 234, where the Quarter Sessions Court of Venango County took a different view from that expressed above.

The second charge is that defendant "violated Sub-Section A Section 819 Article 8 of The Vehicle Code of the Commonwealth of Pennsylvania, while driving on the public road at Ridge Pike in Whitemarsh Township, Montg. Co., Pa., by operating a motor vehicle upon a public highway with a muffler not in good working order and giving and making an excessive and unusual amount of noise."

Defendant moves to quash this information for the reason that it is a mere paraphrase of the language of the said section and is insufficient for being a conclusion of law.

In view of what we have already stated, this reason must be dismissed. The information describes the offense substantially in the language of the act of assembly.

The third charge is that defendant "violated Sub-Section A, Section 1015, Article 10, of The Vehicle Code of

the Commonwealth of Pennsylvania, while driving on the public road at Ridge Pike in Whitemarsh Township, Montg. Co., Pa., by operating a motor vehicle upon a public highway and failing to immediately drive to the right side edge or curb of the highway upon the approach of a Police vehicle who was giving an audible signal for other vehicles to stop."

The same reason for quashing the information as in the second charge is advanced here, and we must dismiss the objection for the reasons already noted.

Defendant contends further that the court lacks jurisdiction to try defendant, because of the failure of the justice of the peace to comply with The Vehicle Code, supra, of which section 1202, as amended, provides:

"(a) Summary proceedings under this act may be commenced by the filing of information, which information must be filed in the name of the Commonwealth; and, within the period of seven (7) days after information has been lodged, the magistrate shall send by registered mail, to the person charged, at the address shown by the records of the department, a notice in writing of the filing of the information, together with a copy thereof and a notice to appear within ten (10) days of the date of the written notice."

Defendant argues that the justice violated the provisions of the foregoing section, by sending defendant a "summons to appear" rather than a "notice to appear".

While it is true that at the top of the notice are printed the words "summons to appear", a reading of the paper shows that defendant was notified that if he did not appear voluntarily within ten days a warrant for his arrest would be served. This is a sufficient compliance with the act.

Also, defendant did appear, waived a hearing, and gave bail for his appearance in court. By his voluntary appearance, the waiving of a hearing, and giving bail for his appearance in this court, defendant waived any defect in the process acquiring jurisdiction over him: Com-

monwealth v. Allen, 11 Wash. Co. 129, and cases therein cited; Valentine, Subordinate Courts, Pennsylvania, sec. 427, p. 1122.

It is likewise contended that the justice failed to acquire jurisdiction over defendant because the notice sets the time of his appearance short of the full ten days allowed by the section above cited.

His voluntary appearance, and the giving of bail, waived this defect, if it is a defect.

Lastly, defendant contends that the court lacks jurisdiction to try him, because of the failure of the justice of the peace to show affirmatively on the record that the information was made before the nearest available magistrate within the municipality wherein the offenses are alleged to have been committed, as required by The Vehicle Code, sec. 1201, as amended by the Act of June 27, 1939, P. L. 1135.

There is a presumption in favor of the regularity of proceedings before a magistrate for a violation of the code, and where defendant appeals from a summary conviction on the ground that the prosecution was not brought before the nearest available magistrate he must show that a nearer magistrate was in fact available at the time of the commission of the offense: Commonwealth v. Paliescheskey, 17 D. & C. 125 (1931).

Where a defendant, who is charged with a summary offense under the code, voluntarily appears before a magistrate, waives hearing, and gives bail for appearance at quarter sessions, he cannot, having submitted to jurisdiction, raise the question that the magistrate was not the nearest available magistrate: Commonwealth v. Allen, 11 Wash. Co. 129 (1931).

After considering all the reasons advanced by defendant in support of his motion to quash the proceedings, we find no merit in any of them, accordingly:

And now, November 22, 1940, the motion to quash the proceedings is overruled.