J-A17028-16

2016 PA Super 222

| THOMAS KIRWIN AND DIANNE KIRWIN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellants | |
| v. | |
| SUSSMAN AUTOMOTIVE D/B/A SUSSMAN MAZDA AND ERIC SUSSMAN | |
| Appellees | No. 2628 EDA 2015 |

Appeal from the Order June 24, 2015
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): A-2013-28177

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

OPINION BY LAZARUS, J.:              **FILED OCTOBER 07, 2016**

Thomas Kirwin and Dianne Kirwin (collectively "the Kirwins") appeal from the order entered in the Court of Common Pleas of Montgomery County, which granted the motion for summary judgment filed by Sussman Automotive d/b/a Sussman Mazda and Eric Sussman (collectively "Sussman").  After careful review, we affirm.

The trial court summarized the relevant facts as follows:

On February 15, 2013, [Appellants] Thomas and [Dianne] Kirwin received a direct electronic mail solicitation quoting a 2012 Mazda CX-9 Touring Sport Utility Vehicle, with all of the listed options, for $23,991.00  However, when the [Kirwins] arrived at the dealership and spoke to the salesperson, they were informed that the purchase price of the Mazda was actually $26,980.00,

_____

[*] Retired Senior Judge assigned to the Superior Court.

and that the lower price was a mistake caused by a computer glitch. The [Kirwins] replied that the price as posted on the vehicle's window was also the lower number, $23,991.00, whereby, the sales person apologized for the confusion, offered [the Kirwins] a two (2) year free maintenance package on the vehicle for the mistake, but remained firm on the higher purchase price. The [Kirwins] ultimately purchased the 2012 Mazda CX-9 Touring Sport Utility Vehicle for the higher price of $26,980.00. However, they then filed suit against the [Appellee] dealership pursuant to the Pennsylvania Unfair Trade Practices and Consumer Protection Law (hereafter "UTPCPL").

In their Amended Complaint, the [Kirwins] alleged that [Sussman] engaged in "bait and switch" advertising which caused [the Kirwins] to pay [$2,889.00] more for their vehicle than they had intended.

. . .

On June 22, 2015, after oral argument and review of briefs, the trial court issued two (2) orders in the above[-]captioned matter addressing the parties' Cross-Motions for Summary Judgment. The court granted [Sussman's] Motion for Summary Judgment and dismissed [the Kirwins'] action with prejudice. The court also denied the [Kirwins'] Cross-Motion for Summary Judgment as moot.

Trial Court Opinion, 12/14/15, at 1-3 (citations omitted).

The Kirwins filed a timely notice of appeal and court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

On appeal, the Kirwins raise the following issues for our review:

1. Whether a claim alleging deceptive conduct brought under [the] "catchall" provision of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. §[§] 201.1-201-9.3, found in section 201-2(4)(xxi), [] requires proof of "common law fraud" elements, including justifiable reliance?

2. Whether contrary interpretation requiring proof of common law elements including justifiable reliance can be reconciled with the plain words and the spirit of the statute?

3. *Arguendo*, if justifiable reliance is required, then did the [Kirwins] show sufficient proof thereof to survive summary judgment and proceed to trial, as the law typically mandates on this element[]?

Brief for Plaintiff-Appellant, at 4-5.

Our scope and standard of review are well-settled:

Our scope of review of an order granting summary judgment is plenary. [W]e apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered.

*DeArmitt v. New York Life Ins. Co.*, 73 A.3d 578, 585 (Pa. Super. 2013) (citations and quotation marks omitted).

As Pennsylvania's consumer protection law, the UTPCPL has the purpose of protecting the public from unfair or deceptive business practices and provides for a private right of action. *Id.* at 591. The right to pursue an action is as follows:

Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of this act, may bring a private action to recover actual damages or one hundred dollars ($100), whichever is greater.

73 P.S. § 201-9.2 (footnote omitted). The unlawful practices noted above include the UTPCPL's "catchall" provision in 73 P.S. § 201-2(4)(xxi). The Kirwins initiated suit against Sussman based upon this provision, which

provides liability for "fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." *Id.*

We note that "[d]eceptive conduct ordinarily can only take one of two forms, either fraudulent or negligent. . . . [T]he pre-1996 catchall provision covered only fraudulently deceptive practices. The broadening of the UTPCPL . . . makes negligent deception, *e.g.*, negligent misrepresentations, actionable under the post-1996 catchall provision." ***Dixon v. Northwestern Mutual***, 2016 PA Super 186, -- A.3d -- (Aug. 25, 2016). Even with the broadening of the applicability of the catchall provision, in order to prevail on such a cause of action, "the UTPCPL plaintiff must still prove justifiable reliance and causation, because the legislature never intended [the] statutory language directed against consumer fraud to do away with the traditional common law elements of reliance and causation."[1]

_____

[1] The Kirwins rely on ***Grimes v. Enter. Leasing Co. of Philadelphia, LLC***, 66 A.3d 330 (Pa. Super. 2013), *reversed on other grounds*, 105 A.3d 1188 (Pa. 2014), which indicates that

> when a plaintiff alleges a claim under the UTPCPL catchall provision under the theory of deceptive conduct, the plaintiff need not prove the elements of common law fraud, including induc[ment of] justifiable reliance. . . . Therefore, to the extent that Grimes alleges Enterprise's conduct was deceptive, as opposed to fraudulent, she need not allege justifiable reliance.

***Grimes***, 66 A.3d at 337 n.4 (citation omitted). While our Supreme Court originally granted allowance of appeal to consider the question of whether justifiable reliance must be pled and proven in a UTPCPL catchall claim, the Supreme Court ultimately determined that Grimes had not demonstrated an ascertainable loss and reversed this Court's order on that ground alone.
*(Footnote Continued Next Page)*

*DeArmitt*, *supra* at 592.  Indeed, at common law, both fraud and negligent misrepresentation require proof of justifiable reliance.  *See Bortz v. Noon*, 729 A.2d 555, 560-61 (Pa. 1999).  Accordingly, the first two issues the Kirwins raise regarding whether justifiable reliance must be proven in the UTPCPL context are without merit.

Because the UTPCPL requires a showing of justifiable reliance, we turn to the Kirwins' final issue on appeal, regarding whether they have shown sufficient proof of this element to survive the summary judgment stage of the proceedings.

The Kirwins correctly note that whether justifiable reliance existed is ordinarily a question of fact.  *See e.g.*, *DeArmitt*, *supra* at 593 ("justifiable reliance is typically a question of fact for a fact-finder to decide").  However, the Kirwins fail to present even a basic set of facts tending to show reliance on the lower advertised price.  As the trial court summarized,

> [Appellant Thomas Kirwin's] own deposition testimony belies justifiable reliance on the alleged deceptive advertisement.  That is, during his October 23, 2014, deposition, Thomas Kiriwn admitted that he was made aware of the price discrepancy between [the] vehicle's advertised and actual price <u>before</u> signing any documents[,] admitted that he had two functioning

*(Footnote Continued)* ─────────────

Accordingly, the footnote in *Grimes*, *supra*, is of limited precedential value.  Additionally, this Court thereafter published its opinion in *DeArmitt*, *supra*, holding that justifiable reliance has always remained an element of actionable deceptive conduct under the UTPCPL.  *See also Kern v. Lehigh Valley Hosp., Inc.*, 108 A.3d 1281, 1289 (Pa. Super. 2015) (reiterating that justifiable reliance is element of individual cause of action under UTPCPL).

vehicles at the time of the sale and could have walked away from the sale prior to signing[,] admitted that he signed the buyer's order and final order fully aware of the price discrepancy[,] and[] admitted that he chose not to utilize the option to cancel in the buyer's order post-signature because he wanted to renegotiate the deal. Thus, after [the Kirwins] spoke to the salesperson at the dealership, [they] clearly knew that the vehicle at issue would cost them $26,980.00, and not[] the lower advertised price of $23,991.00. Despite this knowledge, they chose to proceed with the purchase.

Trial Court Opinion, 12/14/15, at 6-7 (citations omitted) (emphasis in original). Accordingly, the Kirwins cannot make out a prima facie showing of justifiable reliance and their UTPCPL claim alleging a "bait and switch" tactic on the part of Sussman must fail.[2]

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/7/2016

_____

[2] We note that in their pleadings and exhibits, the Kirwins make allegations and provide evidence only as to the pricing for the vehicle they purchased. Sussman offered a service package for two years to the Kirwins for the vehicle, which indicates acknowledgment of a one-time mistake. The Kirwins neither argue nor provide evidence that Sussman advertised any other vehicles at incorrect prices in order to lure customers to the dealership, only to be informed of the actual, higher price at the time of purchase. Accordingly, we do not address whether such practices would violate the UTPCPL catchall provision if *routinely* conducted at a dealership.