J-S38031-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| LSF8 MASTER PARTICIPATION TRUST | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| TERRENCE C. DOUGHERTY AND LISBET DRIVDAHL DOUGHERTY | |
| Appellants | No. 1972 EDA 2016 |

Appeal from the Order Entered May 25, 2016
in the Court of Common Pleas of Montgomery County Civil Division
at No(s):2014-24840

BEFORE: GANTMAN, P.J., SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED JULY 25, 2017**

Appellants, Terrence C. Dougherty and Lisbet Drivdahl Dougherty, appeal *pro se* from the order entered in the Montgomery County Court of Common Pleas, granting Appellee's motion for summary judgment. We affirm.

On September 2, 2014, Appellee, LSF8 Master Participation Trust, filed a complaint in mortgage foreclosure against Appellants. Appellants filed an answer on September 25, 2014. Appellee filed a motion for summary judgment on August 10, 2015, and Appellants filed a response in opposition on January 29, 2016. Oral argument was waived.

---

[*] Former Justice specially assigned to the Superior Court.

The trial court found Appellants' answer failed to deny each averment of fact in the complaint. Thus, it granted Appellee's motion for summary judgment and entered an *in rem* judgment of $377,748.18.

Appellants filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. This appeal followed.

Appellants raise the following issues for our review:

> I. Did the [trial] court wrongfully grant[] servicer's motion for summary judgment where Appellant[s] did not receive proper notice in violation of due process?
>
> II. Whether the [trial] court lacked subject matter jurisdiction to render an enforceable judgment since the servicer lacked standing to commence an action?

Appellants' Brief at 7.

Appellants argue the trial court should have liberally interpreted the contents of their *pro se* answer, and thus should have found genuine issues of material fact regarding Appellee's failure to provide notice of its intent to foreclose and Appellee's standing. We disagree.

Our scope and standard of review are as follows:

> Our scope of review of an order granting summary judgment is plenary. We apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered.

***Kirwin v. Sussman Auto.***, 149 A.3d 333, 336 (Pa. Super. 2016) (citation omitted).

As a prefatory matter, we must ascertain whether the issues Appellants raise have been waived. "[W]hen a trial court directs a defendant to file a Concise Statement of Matters Complained of on Appeal, any issues not raised in such a statement will be waived." ***Commonwealth v. Dowling***, 778 A.2d 683, 686 (Pa. Super. 2001) (citation omitted). Appellants' first issue in regard to Appellee's failure to provide notice was not included in their Pa.R.A.P. 1925(b) statement. Accordingly, it is waived.

As to Appellants' second issue, we note that in a foreclosure action, "[t]he holder of a mortgage is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount." ***Bank of Am., N.A. v. Gibson***, 102 A.3d 462, 465 (Pa. Super. 2014) (citation omitted). Further, responsive pleadings in a mortgage foreclosure action must contain specific denials; general denials are deemed admissions. ***Id.*** at 466-67; Pa. R.C.P. 1029(b).

Instantly, Appellants' answer does not discuss, let alone specifically deny, the alleged default, failure to pay, and specified amount of the mortgage.[1] Appellants' *pro se* status is immaterial in this regard. ***See Deek***

---

[1] Appellants' answer contains the following denials:

***Inv., L.P. v. Murray***, 157 A.3d 491, 494 (Pa. Super. 2017) ("[*P*]*ro se* status does not entitle a party to any particular advantage . . . . [*P*]*ro se* litigants are bound by our procedural rules.") (quotation marks and citations omitted).

Assuming *arguendo* Appellants' answer contained a sufficient denial regarding Appellee's standing, summary judgment is still proper. "[T]o establish standing in [a] foreclosure action, [the mortgagee must] plead

---

[1)] Defendant(s) denies all allegations and leaves Plaintiff to its proofs[;]

[2)] Defendant denies the presumptions that plaintiff has standing or has established true ownership in the security instrument and leaves Plaintiff to its proofs[;]

[3)] Defendant denies there is evidence on record of a competent witness with first-hand knowledge of the facts[;]

[4)] Defendant denies there is evidence of testimony from a true plaintiff or injured party[;]

[5)] Defendant denies there is evidence of the tangible instrument (original promissory note) and all valid assignments pursuant to Article 9 of the Uniform Commercial Code[; and]

[6)] Defendant denies there is evidence that signatures on Defendant's note are authentic and Defendant hereby challenges the authenticity of all signatures pursuant to UCC-3-308 – Proof of Signatures and Status as Holder in due Course.

Appellants' Ans., 9/25/14, at 2.

ownership of the mortgage under Rule 1147,[2] and have the right to make demand upon the note secured by the mortgage." ***CitiMortgage, Inc. v. Barbezat***, 131 A.3d 65, 68 (Pa. Super. 2016) (footnote omitted). "The note as a negotiable instrument entitles the holder of the note to enforcement of the obligation." ***Id.*** at 69 (citation omitted). Moreover, "the chain of possession by which a party comes to hold the note is immaterial to its enforceability . . . ." ***Id.*** (quotation marks and citations omitted).

Here, Appellee's complaint complied with Rule 1147 and incorporated by reference the copies of the original recorded mortgage and assignments pursuant to Pa. R.C.P 1019(g). ***See Barbezat***, 131 A.3d at 68. Appellee also provided copies of the original promissory note and the subsequent allonge[3] indorsing it to Appellee.[4] ***See PHH Mortg. Corp. v. Powell***, 100

---

[2] Rule 1147 requires a complaint in mortgage foreclosure to set forth the following: "(1) the parties to and the date of the mortgage, and of any assignments, and a statement of the place of record of the mortgage and assignments; (2) a description of the land subject to the mortgage; (3) the names, addresses and interest of the defendants in the action and that the present real owner is unknown if the real owner is not made a party; (4) a specific averment of default; (5) an itemized statement of the amount due; and (6) a demand for judgment for the amount due." Pa.R.C.P. 1147(a).

[3] An allonge is "[a] slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements." Black's Law Dictionary (10th ed. 2014).

[4] Appellee did not attach copies of the note or allonge to its complaint, or incorporate them pursuant to Pa. R.C.P. 1019(g). However, they were provided following Appellants' March 2015 motion to compel.

A.3d 611, 617 (Pa. Super. 2014) (stating indorsement on allonge establishes mortgagee's right to enforce note). Appellants' challenge to the validity of the note's assignments is of no moment. ***See Barbezat***, 131 A.3d at 69. Therefore, there is no genuine dispute as to Appellee's standing. Thus, the trial court properly granted Appellee's motion for summary judgment.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/25/2017