NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3012
_____

MARIUSZ G. JARZYNA,

Appellant

v.

HOME PROPERTIES, L.P.; FAIR COLLECTIONS AND OUTSOURCING, INC.

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-10-cv-04191)
District Judge: Honorable Eduardo C. Robreno

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 17, 2019

Before: AMBRO, RESTREPO, and FISHER, Circuit Judges

(Opinion filed July 12, 2019)

_____

OPINION*

_____

AMBRO, Circuit Judge

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

This case began as putative class action by Mariusz Jarzyna on behalf of more than 10,000 current and former tenants of residential apartment complexes operated by Home Properties LP. Over seven years of litigation, it was whittled down to a one-claim landlord–tenant dispute over a single month's rent somewhere in the range of $900. There were many battles along the way, resulting in motions for sanctions, the appointment of a special master, and the issuance of more than fifteen substantive opinions by the District Court. In that Court's words, the case traveled "an unusually circuitous and contentious path." (App. 206.) In the end, the Court entered summary judgment against Jarzyna on all his claims against Home and entered a $888 judgment in favor of Home on its counterclaim against Jarzyna after a one-day bench trial.

He appeals to us raising several claims of error. We affirm in all respects save one: we conclude the trial record does not support a judgment of $888 in favor of Home; we instead remand for entry of a judgment in the lesser amount of $643.79 plus applicable interest and fees as determined by the District Court.

## I.  Background

Jarzyna filed this action in 2010 seeking to represent a class of tenants who have rented apartments from Home in Pennsylvania and elsewhere. Broadly, he alleged that Home overcharged him and other tenants for rent, utility fees, and certain penalties when their leases were converted from annual leases into month-to-month rentals, as commonly occurred for tenants who did not timely renew their annual leases. He also alleged that Home and its agent, co-defendant Fair Collection and Outsourcing Inc., violated the Fair

2

Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by demanding payment for the overcharged amounts.

The complaint alleged six claims. Against both Home and Fair Collection, it alleged: (1) violation of the FDCPA, (2) violation of the Pennsylvania Fair Credit Extension Uniformity Act ("Fair Credit Act"), (3) violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("Consumer Protection Law"), (4) civil conspiracy, and (5) unjust enrichment. Against Home, it also alleged (6) violation of Pennsylvania's Landlord Tenant Act. Home filed a counterclaim against Jarzyna for rent in arrears. The District Court had jurisdiction under 28 U.S.C. § 1331 for the federal claims, and it exercised supplemental jurisdiction under 28 U.S.C. § 1367(a) for the accompanying state-law claims.

Among other things, in its many opinions the Court (i) granted summary judgment in favor of Jarzyna on his FDCPA claim against Fair Collection, (ii) granted summary judgment in favor of Home and Fair Collection on all of Jarzyna's other claims, (iii) denied Jarzyna's motion to certify a class on the FDCPA claim against Fair Collection because Jarzyna failed to show that members of the class were ascertainable, (iv) denied certain motions by Jarzyna to compel additional discovery, and (v) denied various motions for sanctions stemming from hostility between counsel of record.

Jarzyna and Fair Collection settled the FDCPA claim a few months before trial, so the only claim remaining was Home's counterclaim against Jarzyna. After a bench trial, the Court entered judgment in favor of Home for $888 on the counterclaim.

3

**II. Discussion**

Jarzyna raises four issues on appeal. He contends the Court (1) should not have granted summary judgment in favor of Home on Jarzyna's Fair Credit Act, Consumer Protection Law, and Landlord Tenant Act claims; (2) should have reconsidered those summary-judgment rulings when, later in the case, Home produced supplemental discovery that Jarzyna says would have supported the defeated claims; (3) should have granted various motions that Jarzyna filed based on Home's alleged foot-dragging in discovery; and (4) should have entered judgment as a matter of law in favor of Jarzyna on Home's counterclaim. He asks us to reinstate his claims against Home under the Fair Credit Act, the Consumer Protection Law, and the Landlord Tenant Act. He also requests that we vacate the $888 judgment in favor of Home on its counterclaim.

**A. Summary Judgment on Jarzyna's Claims**

To sustain each of his claims, Jarzyna had to show that Home owed him repayment of some of his security deposit when his tenancy ended. This is so under the Consumer Protection Law because that claim requires the showing of "ascertainable loss" resulting from the defendant's alleged misconduct. *See Kirwin v. Sussman Auto.*, 149 A.3d 333, 336 (Pa. Super. Ct. 2016) (citing 73 P.S. § 201-9.2). The same is true under the Fair Credit Act because that statute piggybacks on the Consumer Protection Law for its remedial mechanism, which, as noted, contains the "ascertainable loss" requirement. *See Kern v. Lehigh Valley Hosp., Inc.*, 108 A.3d 1281, 1290 (Pa. Super. Ct. 2015). The requirement applies also to his Landlord Tenant Act claim, as Jarzyna based it on Home's

4

alleged withholding of his security deposit in excess of his rents in arrears. (App. Vol. II at 259–61; Jarzyna Br. at 30.)

Against this background, we agree with the District Court: the record evidence shows as a matter of law that, at the end of his tenancy, Jarzyna owed more in rent than the amount of his remaining security deposit.

We reach this conclusion by applying the plain terms of the tenancy to the undisputed facts. The lease between Jarzyna and Home provided a mechanism for automatically converting his tenancy from yearly to monthly. (App. Vol. II at 297.) That mechanism was triggered in August 2009 when Jarzyna continued to occupy the premises beyond the end of his one-year lease. (App. Vol. III at 220.) He continued his month-to-month tenancy until October 28, 2009, when he notified Home of his intention to terminate the lease. (App. II at 316–17.) Under its plain terms, that termination became effective on November 30, 2009. (App. II at 297.) This means Jarzyna owed some $888 in rent for November 2009, yet—undisputedly—he did not pay any of that rent. Home was within its right under the lease to apply his remaining security deposit (somewhere between $244.21 and $500) to that unpaid rent. (App. II at 297.)[1] Thus there is no ascertainable loss, or any withholding of a security deposit, to sustain Jarzyna's claims

---

[1] The parties dispute whether Jarzyna owed additional back-rent for time periods before November 2009. We do not address that dispute because, regardless how it would be resolved, he clearly owed more in rent than the amount of his remaining security deposit at the end of his tenancy.

5

under the Fair Credit Act, Consumer Protection Law, and Landlord Tenant Act. So we affirm summary judgment on those claims.[2]

## B. Jarzyna's Discovery Motions

Jarzyna appeals the District Court's denial of three discovery motions: (1) for additional discovery, (2) for sanctions, and (3) to reallocate fees paid to the special master brought in by the District Court to assist with discovery. We review all three decisions for abuse of discretion. *See Eisai, Inc. v. Sanofi Aventis U.S., LLC*, 821 F.3d 394, 402 (3d Cir. 2016) (discovery decisions); *Naviant Mktg. Solutions, Inc. v. Larry Tucker, Inc.*, 339 F.3d 180, 185 (3d Cir. 2003) (sanctions); Wright & Miller, 9C Fed. Prac. & Proc. Civ. § 2608 (3d ed.) (allocation of fees).

In his motion for additional discovery, Jarzyna sought to depose or re-depose two Home witnesses. Under Federal Rule of Civil Procedure 30(a)(2), a party must obtain leave of court to depose a witness "if the deponent has already been deposed in the case." Fed. R. Civ. P. 30(a)(2)(A)(ii). But regardless whether the District Court should not have denied Jarzyna's motion to depose or re-depose these witnesses, any error was harmless; by Jarzyna's own admission, the additional depositions were directed to class certification. (*See* Jarzyna Br. at 44–46.) Jarzyna gives us no reason to believe those depositions would have revealed evidence that could save his claims from summary judgment for failing to show ascertainable loss. (*See id.*)

---

[2] For the same reasons, we affirm the District Court's denial of Jarzyna's motion for reconsideration of summary judgment on the claims.

6

In his motion for sanctions, Jarzyna requested them under Federal Rules of Civil Procedure 26(g)(2) and 37(a)–(d), as well as 28 U.S.C. § 1927 and District Court Local Rule 83.6.1. These authorities permit a district court to impose sanctions in a variety of circumstances, none of which are met here. Rules 26(g)(2), 37(c) and 37(d) authorize sanctions when a party completely fails to respond or provide information, but Home responded to all of Jarzyna's requests, although some were delayed. Rule 37(b) authorizes sanctions when a party fails to comply with a court order, but no court order compelled the requested discovery. Further, Jarzyna was not entitled to sanctions under Rule 37(a) because he did not first "attempt[] in good faith to obtain the disclosure or discovery without court action." Fed. R. Civ. P. 37(a)(5)(A). Finally, 28 U.S.C. § 1927 and L.R. 83.6.1 authorize sanctions on a showing of bad faith, *see Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 142 (3d Cir. 2009), but nothing in the record indicates that the District Court abused its discretion when it determined that Home Properties did not act in bad faith.

In his motion to reallocate special master fees, Jarzyna argued that Home was more responsible for, and thus should have paid a greater percentage of, the fees owed to the special master for her work resolving discovery disputes in this case. The authority to allocate special master fees based on each litigant's relative fault is in Federal Rule of Civil Procedure 53(g)(3), which calls for allocation of payments after considering "the nature and amount of the controversy, the parties' means, and the extent to which any party is more responsible than other parties for the reference to a master." The District Court adopted the special master's recommendation that Jarzyna pay the bulk of the

special master fees because he was mostly responsible for the waste of resources caused by the parties' various discovery disputes. On appeal Jarzyna vaguely contends that allocation was improper, but he does not identify any specific error in the special master's analysis, nor does he develop the context of the allocation sufficiently for us to discern whether it was an abuse of discretion. Whether we say he waived the argument or merely did not substantiate it, the result is the same; we affirm the allocation.

## C. Judgment on Home's Counterclaim

At trial the only claim remaining was Home's counterclaim against Jarzyna for unpaid rent and utilities. (App. Vol. I at 207.) After a one-day bench trial, the District Court entered judgment in favor of Home on its counterclaim in the amount of one month's rent, or $888. (App. Vol. I at 217–18, 221.)

On appeal from a bench trial, we review a district court's findings of fact for clear error and its conclusions of law *de novo*. *VICI Racing, LLC v. T-Mobile USA, Inc.*, 763 F.3d 273, 282–83 (3d Cir. 2014). For mixed questions of law and fact "we apply the clearly erroneous standard except that the District Court's choice and interpretation of legal precepts remain subject to plenary review." *Id.* (quoting *Gordon v. Lewistown Hosp.*, 423 F.3d 184, 201 (3d Cir. 2005)).

To establish a claim for breach of the lease, Home was required to show (1) the existence of the lease, including its essential terms, (2) a breach of the contract by Jarzyna, and (3) resulting damages. *Meyer, Darragh, Buckler, Bebenek & Eck, PLLC v. Law Firm of Malone Middleman, PC*, 137 A.3d 1247, 1258 (Pa. 2016) (citing *J.F. Walker Co. v. Excalibur Oil Grp., Inc.*, 792 A.2d 1269, 1272 (Pa. Super. Ct. 2002)).

8

At trial Home called no witnesses. Instead it presented various admissions by Jarzyna concerning his acceptance of the lease, his conversion into a month-to-month tenancy, and his eventual departure from the premises. Home also presented payment ledgers that it had maintained, but it did not call any witnesses to interpret them for the District Judge, leaving both him and us without adequate guidance to parse them definitely. By presenting its case in this manner, Home left a glaring hole in the record: although it adequately proved the existence of the lease and Jarzyna's various obligations to pay rent and other fees, it did not submit evidence sufficient to determine how much Jarzyna paid to Home over the course of his tenancy. As a result, the record does not contain an adequate basis from which to determine the extent of damages on Home's counterclaim.

The District Court elided this gap in the record by concluding that, notwithstanding the obvious flaw in Home's method of presenting its case, there was nonetheless sufficient evidence to conclude that Jarzyna owed $888 for October 2009 rent. (App. Vol. I at 215.) That conclusion was inconsistent, however, with its prior ruling that Jarzyna's security deposit could be applied to his October 2009 rent. Furthermore, it was not supported by the trial record because Home never proved the extent, if any, that October 2009 rent was paid by Jarzyna or covered by his security deposit. The record shows the debit for October 2009 ($888), but it doesn't show the credit (an unknown quantity).

We nonetheless believe the record was sufficient to rule in favor of Home on its counterclaim, although for a smaller amount. We reach this conclusion by applying the

9

law to the facts that Jarzyna has conceded in the record. According to him, when he gave notice of termination of the lease on October 28, 2009, he was owed $244.21 in his security deposit. (Jarzyna Br. at 6.) He also states the factual predicates of that calculation, two of which are relevant here: (1) he did not owe a lease break fee, and (2) he did not owe rent for November 2009. (*See id.*) The problem with this calculation is clear. As noted above, under the plain terms of the lease, Jarzyna's termination became effective on November 30, 2009, so he owed $888 in rent for November 2009. He takes issue with Home's having labeled that rent payment as a "LBF" in a ledger (short for "lease break fee"), but he does not create a genuine dispute over his legal obligation, under the plain terms of the agreement, to make a payment of that amount. Thus, even taking all Jarzyna's factual assertions as true, we conclude that he owed at least $643.79 ($888 minus $244.21) when his tenancy ended. Accordingly, although we cannot sustain the District Court's entry of judgment for $888, we remand with instructions to enter judgment in favor of Home in the amount of $643.79 plus applicable interest and fees as determined by the District Court.