J-S40002-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CARLA WILSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BENEFICIAL CONSUMER DISCOUNT | : | No. 2845 EDA 2019 |
| COMPANY  D/B/A BENEFICIAL | : | |
| MORTGAGE CO. OF PENNSYLVANIA | : | |
| PREVIOUSLY IDENTIFIED AS | : | |
| BENEFICIAL MORTGAGE CO., HSBC | : | |
| AND HSBC FINANCE COMPANY | : | |

Appeal from the Order Entered August 21, 2019
In the Court of Common Pleas of Monroe County Civil Division at No(s):
No. 9524 Civil 2015

BEFORE:   SHOGAN, J., KING, J., and COLINS, J.*

MEMORANDUM BY SHOGAN, J.:                    **FILED DECEMBER 09, 2020**

Appellant, Carla Wilson, appeals from the August 21, 2019 order granting summary judgment in favor of Appellees, Beneficial Consumer Discount Company D/B/A/ Beneficial Mortgage Company of Pennsylvania previously identified as Beneficial Mortgage Company, HSBC and HSBC Finance Company (collectively "Appellees").  After careful review, we affirm.

The trial court set forth the following factual recitation:

[Appellees] filed a motion for summary judgment in this action brought by [Appellant].  [Appellant] entered into a mortgage dated July 18, 2007 with Appellee Beneficial Consumer Discount Company (Beneficial) in the amount of $176,737.71,

---

* Retired Senior Judge assigned to the Superior Court.

secured by real property at 2512 Forest Drive East, Pocono Lake Pennsylvania. The mortgage terms called for the principal to be repaid over thirty years at an initial interest rate of 11.49%. A rewards program provided that for every twelve consecutive months of timely payments, the rate was to be reduced .3% for the following year, with gradual reductions in the interest rate to 8.49% over ten years if [Appellant] made timely payments.

[Appellant] requested and received temporary loan modifications in 2009, 2010, and 2012, but contends these modifications were accompanied by large, unexplained costs labelled 'ancillary fees' which had the effect of increasing rather than reducing her mortgage payments.

[Appellant] filed a Complaint on January 15, 2016[,] seeking rescission of her loan and money damages for alleged violations of the Truth in Lending Act, the Dodd–Frank Wall Street Reform and Consumer Protection Act, the Due Process Clause of the Fourteenth Amendment, the Pennsylvania Unfair Trade Practices and Consume Protection Law (UTPCPL), claims for breach of contract, and breach of the implied covenant of good faith and fair dealing. The case was removed to federal court on February 8, 2016. On February 10, 2017, the United States District Court for the Middle District of Pennsylvania dismissed [Appellant's] claims under federal law and remanded the state law claims to this court.

[Appellant] filed an Amended Complaint on March 30, 2017[,] that alleges breach of the 2007 mortgage and of the subsequent mortgage modifications, violation of the Fair Credit Extension Uniformity Act, violation of the UTPCPL, fraud, and defamation of credit. [Appellees] filed an Answer with New Matter and a notice to plead on May 22, 2017. No response was filed. On May 31, 2019, [Appellees] filed a Motion for Summary Judgment. [Appellant] did not file a timely response to [Appellees'] Motion, but filed a Fact Statement in opposition to the motion on July 5, 2019 and an "Amended Response to Summary Judgment Motion under Pa.R.C.P. 1305.3" on July 5, 2019. [Appellant] also filed a Response to New Matter on July 5, 2019. The parties have filed briefs; [Appellant's] brief was filed on June 27, 2019, before she filed her Fact Statement, Amended Response to Summary Judgment Motion and Response to New Matter on July 5, 2019.

Trial Court Opinion, 8/21/19, at 1-2.  The trial court entered its order granting

Appellees' motion for summary judgment on August 21, 2019.   Appellant filed

her timely notice of appeal on September 18, 2019. The trial court did not

order Appellant to file a Pa.R.A.P. 1925 statement.

Appellant presents the following three questions for our review:

I.      Whether the lower court erred in its August [21], 2019 order
        for summary judgment in determining that the summary
        judgment response was untimely filed[?]

II.     Whether the lower court erred in its August [21], 2019 order
        granting summary judgment based upon its holding that
        [Appellees'] new matter was deemed admitted[?]

III.    Whether the lower court erred in its August [21], 2019 order
        granting summary judgment when the record before it
        established a genuine issue of material fact[?]

Appellant's Brief at 5 (capitalization omitted).

"On review, an appellate court may reverse a grant of summary

judgment if there has been an error of law or an abuse of discretion."  *Weaver*

*v. Lancaster Newspapers, Inc.*, 926 A.2d 899, 902 (Pa. Super. 2007).  Our

scope of review of an order granting summary judgment is well established.

> Our scope of review of an order granting summary judgment is
> plenary.  We apply the same standard as the trial court, reviewing
> all the evidence of record to determine whether there exists a
> genuine issue of material fact.  We review the record in the light
> most favorable to the non-moving party, and all doubts as to the
> existence of a genuine issue of material fact must be resolved
> against the moving party.  Only where there is no issue as to any
> material facts and it is clear that the moving party is entitled to
> judgment as a matter of law will summary judgment be granted.

*Kirwan v. Sussman Automotive*, 149 A.3d 333, 336 (Pa. Super. 2016).

Moreover,

> [w]here the non-moving party bears the burden of proof on an issue, he may not rely on his pleadings in answers in order to survive summary judgment. Further, failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof established the entitlement of the moving party to judgment as a matter of law.

*Truax v. Roulhac*, 126 A.3d 991, 997 (Pa. Super. 2015) (citations and quotations omitted).

In support of her first issue, Appellant argues that the trial court erred when it found that Appellant's response to Appellees' motion for summary judgment was late. Appellant's Brief at 11. Although Appellant acknowledges this issue is moot because the trial court reached the merits of her response, she sought to address it out of an abundance of caution. *Id*. Preliminarily, we note that Appellant's supplemental response was patently untimely. Appellees filed their motion for summary judgment on May 31, 2019, and their brief in support on June 17, 2019. On June 4, 2019, the trial court entered an order stating that Appellant's response was due within thirty days of the filing of Appellees' motion. Order, 6/4/19. Thus, Appellant's response was due on or before June 30, 2019. Although the trial court stated in its opinion that Appellant did not file a timely response to Appellees' motion for summary judgment, Appellant timely filed her initial Brief in Opposition to Defendant's Motion for Summary Judgment on June 27, 2019. Appellant filed a supplemental response on July 5, 2019. In addition to her supplemental

response to the motion for summary judgment, Appellant also filed a fact statement in opposition to the motion for summary judgment on July 5, 2019, along with her answer to the new matter Appellees set forth in their answer to Appellant's original complaint.

Despite the untimeliness of Appellant's supplemental response, it appears the trial court considered the information contained therein. Indeed, the trial court discussed the impact Appellant's response to the new matter had on summary judgment. *See* Trial Court Opinion, 8/21/19, at 5-6. Given the above, it is unclear what error Appellant posits the trial court made and what relief Appellant seeks based on that error. We cannot conclude that the trial court granted summary judgment based on the untimely nature of the supplemental response. Appellant is due no relief.

In support of her second question, Appellant avers that the trial court erred or abused its discretion when it found that Appellant's Answer to New Matter was untimely and resulted in the court finding that Appellees' Answer and New Matter constituted binding admissions. Appellant's Brief at 12. Appellant posits that the trial court erred when it failed to consider the denials set forth in her Answer to New Matter, which she alleges "conclusively dispute the allegations set forth in [Appellees'] New Matter." *Id*. Appellant admits that her answer was filed beyond the twenty-day period set forth in Pa.R.C.P.

1026(a),[1] but argues that refusal to consider the answer was improper as Appellees did not move for default nor did they allege any prejudice from the late filing. *Id*. at 12-13. Appellant further points to the various discovery filings and argues that Appellees neglected to raise the issue of Appellant's failure to respond to the new matter. *Id*.at 13. Appellant posits that the lower court essentially struck her answer *sua sponte* and that this action ignores the general rule that "the late filing of an answer will be ignored where the plaintiff has not acted to take a judgment by default." *Id*. at 14 (citing *Allison v. Merris*, 493 A.2d 738, 739 (Pa. Super. 1985)). Appellant ultimately claims that the action of the trial court was essentially the entry of a default judgment against Appellant without the required procedural protections found in Pa.R.C.P. 237.1 (relating, *inter alia*, to entry of default judgment). Appellant's Brief at 16. Thus, Appellant contends this resulted in an "inequitable application of the rules of civil procedure, and reward[ed] covert litigation tactics." Appellant's Brief at 16.

In their brief, Appellees argue that the trial court did not abuse its discretion when it held that Appellant admitted the statements in its new matter because Appellant failed to respond for over two years and did not do so until after Appellees filed their motion for summary judgment. Appellees'

---

[1] Pa.R.C.P. 1026(a) states, "Except as provided by [Pa.R.C.P.] 1042.4 or by subdivision (b) of this rule, every pleading subsequent to the complaint shall be filed within twenty days after service of the preceding pleading… ."

Brief at 12. Appellees also aver that they did not need to move for default or allege they were prejudiced by Appellant's failure to respond timely to their Answer and New Matter. *Id*. at 13. Appellees argue that given Appellant's "abject indifference" evidenced by the fact that she waited years to file her answer, the general rule does not apply. *Id*. (citing **Joyce v. Safeguard Mut. Ins. Co.**, 524 A.2d 1362, 1363 (Pa. Super. 1987) *reversed on other grounds* 539 A.2d 340 (Pa. 1988) (per curiam)). Appellees point to the fact that Appellant never responded to their New Matter and failed to seek leave of court to file the late answer. Appellees' Brief at 14. Moreover, Appellees argue that they effectively moved for a default judgment when they filed their motion for summary judgment, and Appellant should not now be able to "complain that [Appellees] did not bring this failure to her counsel's attention earlier." *Id*.

In its opinion, the trial court found that Appellant's Answer to the New Matter, which was filed over two years after the Answer and New Matter and notice to plead, and was **not** filed when Appellees filed their motion for summary judgment, does not comply with Pa.R.C.P. 1026. Trial Court Opinion, 8/21/19, at 5. The court further noted that pursuant to Pa.R.C.P. 1029, averments not specifically denied are admitted when a responsive pleading is required. *Id*. at 6. Ultimately, the court held that Appellant's "failure to timely respond admitted the averments in [Appellees'] New Matter. Admissions in pleadings are judicial admissions and cannot be contradicted

- 7 -

at a later date by the party who made them regardless of the method by which they seek to contradict their prior admission.[2] *Id*. at 7 (citing *Rizzo v. Haines*, 555 A.2d 58, 69 (Pa. 1989)). The trial court found, *inter alia*, that Appellant made the following admissions:

10. [Appellant] did not make twelve (12) consecutive monthly payments within 30 days of each respective due date prior to termination of the Pay Right Rewards Program on or about June 27, 2012.

11. [Appellant] did not make all payments when due under the terms of the Loan Agreement.

12. [Appellant] breached her obligation to make all payments when due under the terms of the Loan Agreement.

* * *

14. The Pay Right Reward Program was terminated upon [Appellant's] enrollment in the Trial Period Plan...

_____

[2] In an unpublished case, this Court held that a party's failure to deny the averments in the new matter and counterclaim meant that those averments were considered admitted. The Court found that they were judicial admissions, which are "formal pleadings by a party or his counsel which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *222 South Manoa LLC v. George Lavin III, Esq.*, ___ A.3d ___, 3123 EDA 2019, (Pa. Super. filed November 3, 2020) (Non-Precedential Decision). "A judicial admission cannot be contradicted by the party who made it." *Id*. (citing *Jewelcor Jewelers and Distributors, Inc. v. Corr*, 542 A.2d 72, 75 (Pa. Super. 1988). *See also Cogby v. Duncan*, 32 A.3d 1288, 1292 (Pa. Super. 2011) ("Judicial admissions are deemed true and cannot be contradicted by the admitting party… .); *Cassidy v. Prudential Property & Cas. Ins. Co.*, 40 Pa. D. & C. 551, 556 (1986) (finding that where party failed to respond to new matter, plaintiff admitted the factual allegations and noting that "[a]dmissions contained in pleadings are normally termed 'judicial admissions' and cannot later be contradicted by the party who made them.").

15. [Appellant] was never entitled to a rate reduction pursuant to the terms of the Pay Right Rewards Program in the Loan Agreement.

* * *

26. [Appellant] has failed to state an ascertainable loss.

* * *

29. [Appellant's] credit history reporting was true or substantially true.

***

31. At all times relevant hereto, [Appellees] acted in good faith and in accordance with applicable law.

32. [Appellant's] losses, if any, are due to her own action or inaction.

* * *

36. HSBC Finance Corporation had no obligation to [Appellant] that was breached in any manner.

Trial Court Opinion, 8/21/19, at 6 (quoting Appellees' Answer with New Matter, ¶¶ 10-12, 14-15, 26, 29, 31-32, 36). Finding that those admissions rendered the material facts undisputed, the trial court held that Appellees met the required standard for summary judgment pursuant to Pa.R.C.P. 1035.2(1).[3] Trial Court Opinion, 8/21/19, at 7. Specifically, the court looked to the fact that pursuant to those admissions, Appellant admitted she was not qualified for certain programs to which she claimed she was entitled. *Id*.

---

[3] Pa.R.C.P. 1035.2(1) states that a party may move for summary judgment "[w]henever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report… ."

Similarly, the trial court found Appellant was not able to demonstrate an ascertainable loss under the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-9.2(a) ("UTPCPL"). The trial court found that because Appellant was unable to show she had a private cause of action under the UTPCL, she could not state a claim under the Fair Credit Extension Uniformity Act. *Id*. at 7.[4]

After review, we conclude the trial court did not abuse its discretion in finding that Appellant's failure to respond to Appellees' Answer and New Matter for over two years admitted the averments in Appellees' Answer and New Matter. Indeed, a party's failure to respond to the new matter in a party's

_____

[4] The trial court, citing 73 P.S. § 201-9.2 found that under the UTPCPL, a plaintiff cannot prevail on a claim unless that individual has demonstrated an ascertainable loss. Trial Court Opinion, 8/21/19, at 7. The trial court specifically found:

> [Appellant's] claims are premised on her alleged eligibility for and entitlement to a rewards program with interest rate reductions she has now legally admitted she did not qualify for. Appellant cannot prevail on her claim under the UTPCPL because she has admitted inability to demonstrate a demonstrable loss. [73 P.S § 201-9.2(a)] To state a claim under the Fair Credit Extension Uniformity Act, a plaintiff must take the private right of action under the UTPCPL. [*Id*.] Since [Appellant] had admitted that she cannot demonstrate an ascertainable loss, her claims under the Fair Credit Extension Uniformity Act must likewise fail.

Trial Court Opinion, 8/21/19, at 7. *See* 73 P.S. § 201-9.2(a) ("Any person who … suffers any ascertainable loss of money … may bring a private action to recover actual damages… ."); 18A Summ. Pa. Jur. 2d Commercial Law § 21:98 (2d ed.) ("As a private action under the [UTPCPL], a Fair Credit Extension Uniformity Act claim requires plaintiff suffered an ascertainable loss as a result of a defendant's prohibited action… .").

answer within the time set forth by the Pennsylvania Rules of Civil Procedure will result in "the averments of fact therein must be taken as admitted." ***Newspaper Guild of Greater Philadelphia***, 164 A.2d 215, 218 (Pa. 1960). Moreover, to the extent Appellant argues that Appellees had to show prejudice, such a showing is not required unless the party that filed the untimely filing demonstrates just cause for the delay. ***See Peters Creek Sanitary Authority v. Welch***, 681 A.2sd 167, 170 (Pa. 1996); ***see also Francisco v. Ford Motor Co.***, 580 A.2d 374, 378 (Pa. Super. 1990) (finding that where appellant failed to establish the basis for the three year and nine month delay, the burden did not shift to Appellee to show prejudice due to the delay). Absent such a showing, the moving party need not show prejudice. ***Peters Creek***, 681 A.2d at 170. In the instant case, Appellant failed to file a response for over two years and has failed to provide any explanation for that failure; thus, Appellees were under no duty to establish prejudice.

Moreover, to the extent Appellant argues Appellees should have sought a default judgment, we hold Appellant's failure to file a response for over two years renders that requirement inapplicable. In **Peters Creek**, our Supreme Court found that the trial court did not err when it held that the filing of an untimely answer twenty-three months after the new matter was filed constituted "an abject indifference to the Rule of Civil Procedure." **Peters Creek**, 681 A.2d at 170. Further, the Court held that given that indifference, the trial court did not abuse its discretion in finding that the failure to move

for a default judgment was not fatal to the moving party. **Id**. at 171; **see also Joyce** , 524 A.2d at 1363 ("We cannot . . . excuse the abject indifference here reflected by an intervening period of almost five years between the service of the complaint and the effort to file an answer eight days before the trial was to commence before arbitrators.").[5]  Appellant is due no relief on these grounds.

Finally, in support of her last question, Appellant avers that the trial court erred because "there was sufficient evidence in the record which supported a genuine issue of material fact sufficient to overcome summary judgment." Appellant's Brief at 17.  Appellant argues that the trial court erred when it identified and relied upon several statements taken from Appellees' New Matter that were admitted by Appellant, set forth *supra*, when it granted Appellees' motion for summary judgment.  **Id**.  Appellant further posits that absent the alleged admissions, there is no support for Appellees' position in the record.  **Id**.  Appellant cites to her responses to Appellees' interrogatories, which were attached to Appellees' Motion for Summary Judgment, as evidence that she can establish her causes of action.  **Id**. at 18-22.  Appellant makes

---

[5] Although Appellant argues that "it is patently unjust to reward a litigant who 'lies in wait,' knowing that a responsive pleading has been filed, with an admission of the factual allegations incorporated in its pleading… ." Appellant's Brief at 16.  This argument is disingenuous, as Appellees did not file their motion for summary judgment for over two years after Appellant's answer was due.

only bald statements of error and fails to cite any case law in support of her contentions that the trial court erred when it failed to "acknowledge" the competent evidence or that such evidence was allowed given the admissions made by Appellant.[6]  *Id*. at 22.  Based upon this lack of citation to any controlling case law, we could find this issue waived. ***Hackett v. Indian King Residents Assoc.***, 195 A.3d 248, 255 (Pa. Super 2018).

Further, it is well established that Appellant's failure to timely respond to Appellees' Answer and New Matter resulted in the admission of the factual averments made therein.  ***Newspaper Guild of Greater Philadelphia***, 164 A.2d at 218.  These admissions are binding.  ***Cogby***, 32 A.3d at 1292; s***ee also 222 South Manoa LLC***, 3123 EDA 2019 (Non-Precedential Decision at *2) (Pa. Super. filed November 3, 2020) ("[l]andlord's failure to file a pleading denying the averments in [t]enants' new matter and counterclaim meant that [t]enant's averments were considered admitted against by [l]andlord"); ***Edmond v. Southern Pennsylvania Transp. Authority***, 651 A.2d 645 (Pa. Cmwlth. 1994)[7] (finding that where the plaintiff failed to respond to new matter and answer, defendant's averment that plaintiff made no attempt to serve a copy of the complaint on defendant was binding and plaintiff's late

---

[6] The "competent evidence" to which Appellant refers is her responses to interrogatories served by Appellees.

[7] Although Commonwealth Court decisions are not binding upon the Superior Court, those decisions may be considered for their persuasive value. ***Commonwealth v. Lewis***, 718 A.2d 1262, 1265 n. 10 (Pa. Super. 1998).

reply to the new matter had no legal effect because the pleadings were closed). *See, e.g., Pisiechko v. Diaddorio*, 326 A.2d 608, 611 (Pa. Super. 1974) ("In the instant case, plaintiff's failure to answer New Matter permitted the lower court to treat the averments contained therein as admitted, and therefore, a judgment on the pleadings was properly entered."); *see also Innovate, Inc. v. United Parcel Service, Inc.*, 418 A.2d 720, 723 (Pa. Super. 1980) ("We have already decided that an unanswered request for admissions is binding upon the party failing to file an answer notwithstanding depositions which contain testimony to the contrary.")

Despite Appellant's claim that the trial court should have considered evidence that is contradictory to the facts deemed admitted due to Appellant's failure to respond to Appellees' Answer and New Matter, she has failed to cite any supporting case law. Moreover, our independent research has failed to uncover any cases requiring the same. Thus, we find that the trial court did not abuse its discretion or err when it held that Appellant's "admissions rendered the material facts undisputed and [Appellees] therefore have met the standard for matter to be susceptible to summary judgment under subdivision (1) of Rule 1035.2." Trial Court Opinion, 8/21/19, at 7. Given the admissions made by Appellant, the trial court did not err in finding that Appellees established the requirements for summary judgment.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/9/20