**Lucinda A. CARDINALE and Iola Hugney, on Behalf of Themselves and on Behalf of All those Similarly Situated, Appellants**

v.

**R.E. GAS DEVELOPMENT LLC and Rex Energy Corporation, Appellees.**

Superior Court of Pennsylvania.

Argued Feb. 13, 2013.
Filed June 19, 2013.

---

David A. Borkovic and Richard A. Finberg, Pittsburgh, for appellants.

Katherine V. Oliver, State College and Jared S. Hawk, Pittsburgh, for appellees.

BEFORE: BOWES, LAZARUS and COLVILLE,* JJ.

OPINION BY COLVILLE, J.:

This is an appeal from an order granting Appellees' preliminary objections in the nature of a demurrer and dismissing Appellants' complaint with prejudice. We reverse the order and remand for further proceedings.

The background underlying this matter can be summarized in the following manner. Lucinda A. Cardinale ("Cardinale") and Iola Hugney ("Hugney"), on behalf of themselves and all those similarly situated (collectively referred to as "Appellants"), filed a class action complaint against R.E. Gas Development, LLC ("R.E. Gas") and Rex Energy Corporation ("Rex Energy") (collectively referred to as "Appellees"). Appellants made the following, relevant averments in their complaint.

R.E. Gas is a subsidiary of Rex Energy. In 2008, R.E. Gas entered into Marcellus Shale gas leases with numerous persons, including Cardinale and Hugney. Under those leases, R.E. Gas committed to pay $2,500.00 per acre to the individual landowners. R.E. Gas, however, has refused to honor the leases by failing to pay the rents due to the landowners.

Appellants' complaint contains three counts. Their first count is a breach of contract action against R.E. Gas. Under their second count, Appellants present a claim of tortious interference with contract against Rex Energy. Appellants' last count alleges that Appellees engaged in a civil conspiracy.

Appellees filed preliminary objections to the complaint. Their objections span twenty-seven pages and consist of eighty-four numbered paragraphs. After Appellants filed their response to the objections, the trial court entered the following order.

Now, this 9th day of May, 2012, following argument on [Appellees'] Preliminary Objections to Class Action Complaint and receipt and review of the parties' briefs and applicable case law, it is the ORDER of this [c]ourt as follows:

1. As to [Appellees'] Demurrer to the Complaint in its entirety this [c]ourt agrees that as a matter of law [Appellees] did not accept [Appellants'] offer to enter into binding gas leases.

2. As such, no contracts were formed between [Appellants] and R.E. Gas.

3. Accordingly, it is the ORDER of this [c]ourt that [Appellants'] Demurrer be and is hereby GRANTED. [Appellants'] Complaint is hereby DISMISSED in its entirety, with prejudice; and

4. In support of its dismissal **the [c]ourt hereby adopts the legal reasoning and conclusions as set forth in paragraphs 8 through SS of [Appellees'] Preliminary Objections** to Class Action Complaint filed on January 25, 2012.

Trial Court Order, 05/10/12 (emphasis added).

In paragraphs eight through fifty-five of their preliminary objections, Appellees presented the following arguments in support of their request for a demurrer to Appellants' complaint.

According to Appellees, the parties never entered into a binding lease/contract. In support of this position, Appellees noted that, in addition to signing the "Oil and Gas Leases," Appellants signed "Orders for Payment." Appellees highlighted the

---

* Retired Senior Judge assigned to the Superior Court.

following language from the "Orders for Payment:"

> Lessee[, *i.e.*, R.E. Gas,] shall, **subject to its inspection, approval of the surface, geology and title,** make payment to Lessor[, *i.e.*, Appellants] as indicated herein by check within *60* days of Lessee's receipt of this Order For Payment and the executed Oil and Gas Lease associated herewith.

Complaint, 10/25/11, Exhibit A, at unnumbered page 8 (emphasis added). Appellees also pointed out that the "Orders for Payment" state, "This Order for Payment expires one year from date of issuance, unless paid sooner, terminated or replaced by Lessee." *Id.*

The thrust of Appellees' argument was as follows:

> ... R.E. Gas did not make offers to [Appellants] to enter into contracts that include the Bonus Payments because the Orders for Payment: (i) gave R.E. Gas an unlimited right to terminate the Orders of Payment and, therefore, decide later the nature and extent of its performance, and (ii) required a further manifestation of assent by R.E. Gas. As a result, the provision of the Proposed Leases and the Orders for Payment was merely an invitation to bargain on the part of R.E. Gas. Then [Appellants], by signing and returning the Proposed Leases and Orders for Payment, made offers to R.E. Gas to enter into the Proposed Leases and Orders for Payment under the terms and conditions contained in those documents. However, R.E. Gas explicitly rejected [Appellants'] offers in Rejection Letters. As a result, because R.E. Gas rejected [Appellants'] offers, no contracts that include Bonus Payments were ever formed. Therefore, the [c]ourt should ... dismiss Count I of the Complaint as legally insufficient.

*Id.* at ¶¶ 48–51 (citations omitted). In paragraphs fifty-two through fifty-five of their preliminary objections, Appellees argued that, because no contracts were ever formed by Appellants and R.E. Gas, counts two and three of the complaint also are legally insufficient and should be dismissed.

██ Appellants timely filed a notice of appeal from the court's order granting Appellees' preliminary objections.

> When reviewing a trial court's order sustaining preliminary objections in the nature of a demurrer and dismissing a suit, our scope of review is plenary.

> > When reviewing an order granting preliminary objections in the nature of a demurrer, an appellate court applies the same standard employed by the trial court: **all material facts set forth in the complaint as well as all inferences reasonably deducible therefrom are admitted as true** for the purposes of review. The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible.

> Where affirmance of the trial court's order sustaining preliminary objections would result in the dismissal of an action, we may do so only when the case is clear and free from doubt. To be clear and free from doubt that dismissal is appropriate, it must appear with certainty that the law would not permit recovery by the plaintiff upon the facts averred. Any doubt should be resolved by a refusal to sustain the objections. We review the trial court's decision for an abuse of discretion or an error of law.

*DeMary v. Latrobe Printing and Pub. Co.,* 762 A.2d 758, 761 (Pa.Super.2000) (citations and quotation marks omitted) (emphasis in original).

By relying on the arguments Appellees provided in paragraphs eight through fifty-five of their preliminary objections, the trial court appears to have been persuaded that a demurrer was appropriate because the parties never entered into binding contracts/leases. Thus, although Appellants present this Court with multiple issues, the controlling question in this case is whether, considering the facts averred in Appellants' complaint, the law says with certainty that no recovery is possible because the parties never entered into contracts/leases.

■ The following law is instructive.

Before a contract can be found, all of the essential elements of the contract must exist. Therefore, in determining whether an agreement is enforceable, we must examine whether both parties have manifested an intent to be bound by the terms of the agreement, whether the terms are sufficiently definite, and whether consideration existed. If all three of these elements exist, the agreement shall be considered valid and binding.

*Johnston the Florist, Inc. v. TEDCO Const. Corp.*, 441 Pa.Super. 281, 657 A.2d 511, 516 (1995).

According to Appellants, the "Oil and Gas Leases" that R.E. Gas prepared, and that Appellants signed, constitute valid, binding agreements. In support of their position, Appellants argue that the trial court improperly isolated the language contained in the "Orders for Payment" instead of construing the entirety of the relevant documents. Appellants contend that, if the entirety of these documents are given effect, it becomes clear that the parties entered into binding contracts and that the contracts did not give Appellees

unfettered discretion to terminate the parties' agreements.

Our analysis begins with a review of the documents pertinent to this appeal. We will conduct such a review by examining the documents that pertain to Cardinale.[1] Complaint, 10/25/11, Exhibit A.

The first document at issue is entitled "OIL AND GAS LEASE." *Id.* at unnumbered pages 1–3. It refers to Cardinale as "Lessor" and R.E. Gas as the "Lessee." The document describes in detail the land subject to the agreement, how R.E. Gas can utilize the land, and what Cardinale is entitled to receive in exchange for allowing R.E. Gas to lease and utilize her land. The document specifically states the effective date of the lease and the primary term of the lease. In paragraph three, the "OIL AND GAS LEASE" provides for a bonus payment to be received by Cardinale, stating:

> Within sixty (60) days from the date of execution of this lease, Lessee agrees to pay to the Lessor the sum of *One Hundred Five Thousand Eight Hundred Seventy-five and 00/100 Dollars $(105,-875.00)* as full and complete bonus payment for this lease for the entire primary term of this lease. This is a paid-up lease and no delay rentals shall be due. The bonus paid hereunder is consideration for this lease and shall not be allocated as mere rental for a period.

*Id.* at unnumbered page 1, ¶ 3. Notably, this paragraph places an unconditional duty upon R.E. Gas to pay Cardinale the bonus payment.

Two additional documents are entitled "Free Gas Addendum to Oil and Gas Lease," *id.* at unnumbered pages 4–5, and

---

1. The Hugney/R.E. Gas documents are identical to the Cardinale/R.E. Gas documents with respect to the questions that this Court must address to dispose of this appeal. Thus, our analysis of, and holding upon, the Cardinale/R.E. Gas documents applies with equal force to the Hugney/R.E. Gas documents.

"ADDENDUM OF ADDITIONAL PRO-VISIONS," *id.* at 6–7. These two documents elaborate on the parties' rights and duties under the "OIL AND GAS LEASE." An additional lease document is entitled "MEMORANDUM OF OIL AND GAS LEASE." *Id.* at unnumbered pages 9–10.

These documents encompass the parties' lease agreement or, as Appellees refer to it, the "Proposed Lease." Appellees' Brief at 3. Another document also is at issue in this case, namely, the "Order for Payment." Complaint, 10/25/11, Exhibit A, at unnumbered page 8. We will discuss the "Order for Payment" in more detail below. However, we now note that, while the language of the "Order for Payment" arguably affects the parties' duties under their lease agreement, the language utilized in the "Order for Payment" suggests that it is something separate from the actual lease agreement. In fact, Appellees treat the "Order for Payment" as if it is a document outside of what they deem the "Proposed Lease." [2]

■ The pertinent portions of Appellees' preliminary objections do not cite any language in the lease agreement documents that suggest that the parties did not intend to enter binding lease agreements. Moreover, after reviewing these documents, we find that the language utilized in the lease agreement documents strongly indicates that the parties manifested an intent to be bound by the terms of the documents, that the terms of the documents were sufficiently definite, and that consideration existed. We, therefore, conclude that the reasons cited by the trial

court for its determination that the lease agreements are not valid and binding were erroneous. No language contained in the "Order for Payment" alters this conclusion.

In this regard, we first will address the following portion of Cardinale's Order for Payment:

Lessee[, *i.e.,* R.E. Gas,] shall, **subject to its inspection, approval of the surface, geology and title,** make payment to Lessor[, *i.e.,* Cardinale] as indicated herein by check within *60* days of Lessee's receipt of this Order For Payment and the executed Oil and Gas Lease associated herewith.

Complaint, 10/25/11, Exhibit A, at unnumbered page 8 (emphasis added). Appellees contend that this language created a condition precedent to the formation of an agreement. We disagree with Appellees.

■ Contractual conditions can relate directly to the existence of an actual agreement; however, such conditions usually deal with the parties' duties of performance. *See Village Beer and Beverage, Inc. v. Vernon D. Cox and Co., Inc.,* 327 Pa.Super. 99, 475 A.2d 117, 122 (1984) ("While conditions usually deal with duties of performance, they may relate to the existence of contracts as well.") (citation omitted). The conditional language in the "Order for Payment" does not directly relate to the existence of an agreement between R.E. Gas and Cardinale. Rather, the language deals with R.E. Gas's duty of performance. R.E. Gas is required to perform by paying Cardinale as indicated in the "Order for Payment," subject to the conditions stated therein. Consequently, this provision in

**2.** *See, e.g.,* Appellees' Brief at 3 ("In July and August 2009, [Appellants] signed proposed lease documents that included Oil and Gas Leases, Memoranda of Oil and Gas Lease, Addenda of Additional Provision, Free Gas Addenda to Oil and Gas Lease, and Right of

Way Agreements (collectively, the 'Proposed Leases'). [Appellants] also signed Orders for Payment ('Orders for Payment') that discussed the lease bonuses (collectively, the 'Bonus Payments').") (citations omitted).

the "Order for Payment" does not render the parties' lease agreements invalid.

■ We now turn to the provision of the "Order for Payment" relied upon by Appellees for their contention that R.E. Gas had the discretion to terminate the leases at will. Directly under the signature lines of Cardinale's "Order for Payment," the following language appears: "This Order for Payment expires one year from date of issuance, unless paid sooner, terminated or replaced by Lessee." Complaint, 10/25/11, Exhibit A, at unnumbered page 8.

In terms of R.E. Gas's position, this statement, at best, allows R.E. Gas to terminate the "Order for Payment." This statement does not allow R.E. Gas to terminate the parties' lease agreement or even R.E. Gas's duty to perform under the lease agreement. Moreover, there is nothing of record that suggests that R.E. Gas sought to terminate the "Order for Payment."

Because we agree with Appellants that the trial court's stated reasons for granting Appellees' preliminary objections were erroneous, we reverse the court's order and remand for further proceedings.

Order reversed. Case remanded. Jurisdiction relinquished.