J-S10029-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DENISE PICCIOLI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FAUST HEATING AND A/C CO., INC. | : | No. 2532 EDA 2022 |

Appeal from the Order Entered September 6, 2022
In the Court of Common Pleas of Northampton County Civil Division at
No(s):  C-48-CV-2021-07544

BEFORE:  PANELLA, P.J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED MAY 5, 2023**

Denise Piccioli appeals, from the order,[1] entered in the Court of Common Pleas of Northampton County, granting Appellee, Faust Heating and A/C Co., Inc.'s (Faust Heating) preliminary objections and dismissing Piccioli's fifth amended complaint with prejudice.  After careful review, we affirm.

In February 2021, Piccioli contacted Faust Heating "to retain its services to inspect and make necessary repairs to her [inoperable] gas furnace."  Fifth Amended Complaint, 5/11/22, at ¶ 9.   Piccioli hired Faust Heating "due to its purported quality and employee standards" as described in the company's

_____

[1] As a general rule, an order sustaining preliminary objections and dismissing a complaint is a final appealable order.  ***See Lustig v. Lustig***, 652 A.2d 393 (Pa. Super. 1995).

mission statement located on its website.[2]  *Id.* at ¶ 2.  Piccioli avers that she

and Faust Heating

> entered into a verbal service agreement (contract) over the telephone wherein [Faust Heating] would provide [] necessary repairs of the quality described [in its advertisements] to [Piccioli's] home heating, specifically repairs to her gas furnace to restore the home heating, in exchange for monetary compensation, to be determined by [Faust Heating] upon completion of the work based upon the nature and extent of the repairs required.

*Id.* at ¶ 11.  On February 11, 2021, a Faust Heating representative came to

the Piccioli residence to evaluate and repair the furnace and, while working in

the attic of Piccioli's home, "stepped through the drywall ceiling into the

_____

[2] Specifically, that company's mission statement reads:

> Our team specializes in installation, repair, routine service, and replacement of residential heating and air conditioning systems. All technicians . . . are background checked and continually trained in order to optimize each customer's experience. . . . [O]ur family has earned a reputation for providing a high quality of service[.]

Fifth Amended Complaint, 5/11/22, at ¶ 5.  The mission statement also states that the company "provide[s] high quality, valuable, and affordable home comfort services[.]"  *Id.* at ¶ 6.  Finally, Piccioli quoted another company advertisement that stated:

> [Our employees are] highly skilled and experienced technicians. On-going training to assure your complete satisfaction. Technicians are licensed, insured, and certified.  Personalized service for all of your individual needs.

*Id.* at ¶ 7.

second floor . . . caus[ing] significant damage to Piccioli's second floor ceiling." Complaint, 10/15/21, at ¶¶ 18, 21. Faust Heating hired a drywall contractor "to patch and repair the subject ceiling" in Piccioli's home. *Id.* at ¶ 23. According to Piccioli, the contractor "was ill-equipped and unable to reach the connected ceiling to the foyer and living rooms of Piccioli's property, resulting in an unsightly color difference between the rooms." *Id.* at ¶ 24. As a result of the failed attempt to repair the damage, Piccioli "had to seek out repairs for the poor quality of work and actions of [Faust Heating's] . . . employee." *Id.* at ¶ 25.

On October 15, 2021, Piccioli filed a complaint[3] against Faust Heating, which included the following counts: Count I (breach of contract); Count II (Unfair Trade Practices and Consumer Protection Law (UTPCPL));[4] Count III (Intentional Misrepresentation); Count IV (Negligent Misrepresentation); Count V (Negligence); and Count VI (Negligent Supervision/Hiring/Retention). On December 2, 2021, Faust Heating filed preliminary objections to Piccioli's complaint, asserting that the complaint lacked specificity. *See* Pa.R.C.P.

_____

[3] In her original complaint, Piccioli alleged that "the damages caused and attempted repairs by [Faust Heating] have not been remedied . . . [and that despite her] compli[ance] with all of the terms and requirements of her agreement with [Faust Heating] . . . [the company] has failed and refused to fully remedy the damages to [her] property [or] comply with its obligations under the parties' agreement for services." *Id.* at ¶ 15-17. Averring that she has suffered "substantial harm and monetary damages," *id.* at ¶ 20, Piccioli sought compensatory (economic and non-economic) and treble damages.

[4] *See* 73 P.S. 201-1-202-9.2.

1028(a)(3); Pa.R.C.P. 1028(a)(4). Piccioli filed an amended complaint on December 21, 2021. On January 10, 2022, Faust Heating filed preliminary objections to the amended complaint.

Over the course of the next five-and-one-half months, Piccioli filed four more amended complaints in response to Faust Heating's serial preliminary objections. On May 11, 2022, Piccioli filed a fifth amended complaint[5] alleging that Faust Heating had "breached the parties' service agreement by failing to provide [] services in a competent fashion and in direct opposition to [Faust Heating's] assertions as to quality and competency[.]" Fifth Amended Complaint, 5/11/22, at ¶ 22. Two of the counts, Negligence and Negligent Supervision/Hiring/Retention, were pled "[i]n the alternative to Count I [(Breach of Contract)]." *See id.* at ¶¶ 13, 16. Faust Heating filed preliminary objections to the fifth amended complaint, contending that: the complaint does not plead a legally cognizable breach of contract claim; the UTCPCL violation should be dismissed as legally insufficient; and the claims for negligence and negligent supervision/hiring/retention should be stricken as legally insufficient and lacking adequate specificity. *See* Preliminary Objections to Fifth Amended Complaint, 4/21/22, at ¶¶ 12, 18, 21, 43, 53.

On September 6, 2022, the trial court granted Faust Heating's preliminary objections, dismissing, with prejudice, Counts I, II, III and IV of Piccioli's fifth amended complaint for insufficiency of a pleading in the nature

_____

[5] The counts in the fifth amended complaint are: I (Breach of Contract); II (UTCPCL); III (Negligence); and IV (Negligent Supervision/Hiring/Retention).

of a demurrer. *See* Pa.R.C.P. 1028(a)(4). In dismissing Piccioli's fifth amended complaint, the trial court noted that Piccioli's "negligence and negligent supervision/hiring/retention claims were duplicative of her breach of contract claim, notwithstanding [her] failure to set forth the essential terms of the alleged contract in that breach of contract claim." Pa.R.A.P. 1925(a) Opinion, 11/29/22, at 2.

Piccioli filed a timely notice of appeal and court-ordered Rule 1925(b) concise statement of errors complained of on appeal. Piccioli raises the following issues for our consideration:

> (1) Whether the [c]ourt erred as a matter of law and abused its discretion in granting [Faust Heating's] preliminary objections in the form of a motion to dismiss Counts I, II, III, and IV of [Piccioli's f]ifth [a]mended [c]omplaint, and[,] thereby[,] wrongfully dismissing [Piccioli's f]ifth [a]mended [c]omplaint with prejudice[.]
>
> (2) Whether the [c]ourt erred as a matter of law and abused its discretion in wrongfully determining that [Piccioli] had not pled a legally cognizable breach of contract claim[.]
>
> (3) Whether the [c]ourt erred as a matter of law and abused its discretion in wrongfully determining that [Piccioli's] negligence and negligent supervision/hiring/retention claims were barred by the gist of the action doctrine[.]

Appellant's Brief, at 13.[6]

Our review of a trial court's grant of preliminary objections in the nature

---

[6] Piccioli's second and third issues are encompassed by her first broad issue regarding the propriety of the court's grant of Faust Heating's preliminary objections and dismissal of her fifth amended complaint. Thus, we analyze the three issues by breaking them into the individual counts pled in Piccioli's fifth amended complaint.

of a demurrer is as follows:

> [O]ur standard of review of an order of the trial court [] granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

***Feingold v. Hendrzak***, 15 A.3d 937, 941 (Pa. Super. 2011) (citation omitted).

> Pennsylvania Rule[] of Civil Procedure [] 1028(a)(4) allows for preliminary objections based on the legal insufficiency of a pleading. It is well established in Pennsylvania law that a preliminary objection in the nature of a demurrer can be sustained and a complaint dismissed when the complaint is clearly insufficient on its face to establish the pleader's right to relief.

***Cooper v. Franford Health Care System, Inc.***, 960 A.2d 134, 143 (Pa. Super. 2008).

When reviewing a trial court's order sustaining preliminary objections in the nature of a demurrer and dismissing a lawsuit, the appellate court's scope of review is plenary. ***DeMary v. Latrobe Printing and Pub. Co.***, 762 A.2d 758, 761 (Pa. Super. 2000). Moreover, "[f]or purposes of our review of the complaint, only well[-]pleaded material facts are admitted, and not conclusions of law." ***McKeeman and Chendorain v. Corestates Bank NA and Security Abstract of Pa., Inc.***, 751 A.3d 655, 658 (Pa. Super. 2000) (citation omitted). ***See Mellon Bank, N.A. v. Fabinyi***, 650 A.2d 895, 899 (Pa. Super. 1994) ("In ruling on preliminary objections in the nature of a demurrer, the trial court may consider no testimony or evidence outside of the complaint.") (citation omitted).

Piccioli contends that the trial court erred in dismissing her fifth amended complaint, with prejudice, where she "sufficiently and succinctly pled . . . the factors necessary and required under the governing case law to sustain her claims." Appellant's Brief, at 17. We address each count of Piccioli's fifth amended complaint *ad seriatim*. **See supra** at n.6.

### Count I - Breach of Contract[7]

Piccioli claims that Faust Heating "breached the parties' service agreement by failing to provide the [] services in a competent fashion and in direct[] opposition to [Faust Heating's] assertions as to quality and competency." Appellant's Brief, at 21. Specifically, Piccioli alleges that where Faust Heating represented that its employees are "highly skilled [and] experienced" due to their "ongoing training to assure [a customer's] complete

---

[7] In her appellate brief, Piccioli argues:

> [In her f]ifth [a]mended [c]omplaint [she] sets forth in detail the cause of action in concise and summary form, averring parties, time, place[,] and items of special damages, referencing agreements with [Faust Heating], which together with the paragraphs of [Piccioli's f]ifth [a]mended [c]omplaint cumulatively identified the type, nature, and substance of the subject agreement/contract. [Piccioli's f]ifth [a]mended [c]omplaint sets forth details from [Faust Heating's] website regarding its purported 'quality' services which were either authored and/or stated by [Faust Heating] and considered part of the terms of the agreement/contract with [Piccioli]. As such, the pleading is sufficiently clear to enable [Faust Heating] to prepare a response and informs [Faust Heating] with accuracy and completeness of the specific basis on which recovery is sought so that it may know without question upon what grounds to make its defense.

Appellant's Brief, at 31 (citations to record omitted).

satisfaction," the Faust Heating employee "should have known of the proper way to walk through an attic without stepping through a ceiling." *Id. See also* Fifth Amended Complaint, 5/11/22, at ¶ 20. Piccioli claims that Faust Heating "had a duty to [her] to provide reasonable care and services as guided by its profession and its accepted standard of conduct, as well as by its own advertising and verbal guarantees to [her and that the company's] failures led to damages to [her] property, which were [] not remedied [and] caus[ed] actual losses and damages to [her]." Appellant's Brief, at 24, citing Fifth Amended Complaint, 5/11/22, at ¶¶ 35-36.

To support a claim for breach of contract, a plaintiff must allege three elements: (1) the existence of a contract, **including its essential terms**, (2) a breach of a duty imposed by the contract, and (3) resulting damages. *Pittsburgh Constr. Co. v. Griffith*, 834 A.2d 572, 580 (Pa. Super. 2003) (emphasis added) (citation omitted). "Essential terms" include, but are not limited to, the time or manner of performance of the contract and price or consideration. *Lackner v. Glosser*, 892 A.2d 21, 31 (Pa. Super 2006). Moreover, to determine whether a contract is enforceable, a trial court "must examine whether both parties have manifested an intent to be bound by the terms of the agreement, **whether the terms are sufficiently definite**, and whether consideration existed." *Cardinale v. R.E. Gas. Dev. LLC*, 74 A.3d 136, 140 (Pa. Super. 2013) (emphasis added).

In ruling on Faust Heating's preliminary objections,[8] the trial court concluded that Piccioli had not pled a legally cognizable breach of contract claim where she "argues [Faust Heating] . . . failed to repair her furnace . . . with the right standard of quality and professionalism" and where "the obligation that [Faust Heating] owed to [Piccioli] in the service agreement is unclear." Trial Court Opinion, 9/6/22, at 5.

In her fifth amended complaint, Piccioli asserted that Faust Heating breached the parties' February 11, 2021 verbal-over-the-phone service agreement "wherein [Faust Heating agreed that it] would provide quality repairs . . . in exchange for monetary compensation." Fifth Amended Complaint, 5/11/22, at ¶ 47. ***See id.*** at ¶¶ 5-7 (Piccioli specifically citing Faust Heating's company website to set forth standard company advertises with regard to quality of service, level of employee training, and skill and experience of technicians). ***See also supra*** at n.2. Additionally, Piccioli states that Faust Heating "wholly neglected to do and perform **certain** things, which were expressly or by necessary implication required to be done and

---

[8] In its preliminary objections to Piccioli's fifth amended complaint, Faust Heating states that Piccioli's breach of contract claim should be dismissed where she does not define any of the essential terms of the parties' alleged oral agreement, she "does not identify the nature and extent of the repairs to be performed [on her furnace], the timing or amount of compensation to be paid, or any other promises made by [Faust Heating]," and where Piccioli's "allegations in support of her breach of contract claim [do not] address th[e] repair work [for her heating system], or any defects therewith." Preliminary Objections to Fifth Amended Complaint, 4/21/22, at ¶¶ 14-17.

performed under the parties' contract[.]"  Fifth Amended Complaint, 5/11/22, at ¶ 54 (emphasis added).  Specifically, Piccioli claims Faust Heating did not:

- "fully monetarily **compensate** [her] for damages incurred as a result of [its] actions;
- "honor and comply with the **terms** of the parties' agreement, wherein [she] hired [the company] based on its representations that it would provide services with professionalism, competency[,] and quality; and
- "take and assume proper action after causing **damages** to [her] property"

***Id.*** at ¶ 54 (a.-c.) (emphasis added).

In ***Pennsylvania Supply, Inc. v. American Ash Recycling Corp. of Pennsylvania***, 895 A.2d 595 (Pa. Super. 2006), our Court stated, "[w]hile not every term of a contract must be stated in complete detail, **every element must be specifically pleaded**."  ***Id.*** at 600 (emphasis added) (citation omitted).  Moreover, "[c]larity is particularly important where an oral contract is alleged."  ***Snaith v Snaith***, 422 A.2d 1379, 1382 (Pa. Super. 1980).

First, we note that nowhere in her fifth amended complaint does Piccioli state what the compensation terms are under the parties' agreement and how much, if anything, she compensated Faust Heating for any rendered services.  In addition, Piccioli does not aver exactly what terms she and Faust Heating agreed upon with regard to servicing the furnace, and whether her furnace was, indeed, repaired.  Moreover, Piccioli does not state exactly what her "damages" consist of.  At most, we are told that there is "an unsightly color difference between the [foyer and living] rooms" in Piccioli's home.  Fifth

Amended Complaint, 5/11/22, at ¶ 24. *See Delahanty v. First Pennsylvania Bank, N.A.*, 464 A.2d 1243, 1256 (Pa. Super. 1983) (plaintiff need not allege damages with "mathematical precision," but must plead facts so trier of fact can determine appropriate estimation of damages without speculation). Finally, Piccioli does not plead the time or manner in which the alleged services were to be provided, save for the generalized statement that compensation was "to be determined by [Faust Heating] upon completion of the work based upon the nature and extent of the repairs required."[9] Fifth Amended Complaint, 5/11/22, at ¶ 11.

In evaluating whether preliminary objections should be sustained under Rule 1028(a)(4), it must be clear that under "the law [] a [p]laintiff is not entitled to recovery based on the facts alleged in the complaint." *Bargo v. Kuhns*, 98 A.3d 686, 689 (Pa. Super 2014) (quotation omitted). Based upon the facts pled in her fifth amended complaint, we agree with the trial court's determination that Piccioli's breach of contract count lacked legal specificity. *See Lackner*, *supra* at 31 (where "'agreement' [was] too indefinite for a party to *reasonably* believe that it could be enforceable in an action at law") (emphasis in original). Considering all well-pled facts and reasonable

_____

[9] Although Piccioli claims that Faust Heating breached its contract, she fails to state how the breach caused damages related to the parties' service agreement on her furnace. In fact, if Faust Heating did fix Piccioli's furnace, we concur with Faust Heating that any alleged "damage does not appear to have any connection to any work related to [Piccioli's] gas furnace, but rather stems from an incidental event wherein [Faust Heating's] employee is alleged to have stepped through [her] ceiling." Appellee's Brief, at 17.

inferences to be drawn therefrom, the circumstances surrounding Piccioli's breach of contract claim are so illusory that no legal recovery is possible. Thus, the court correctly dismissed Count I of Piccioli's fifth amended complaint.

**Count II - UTCPCL**

In her UTCPCL claim,[10] Piccioli claims that Faust Heating "fraudulently held itself out" as a provider of "high quality service" and employed deceptive advertising in order to secure its agreement with Piccioli. Piccioli asserts that Faust Heating misrepresented that its employees were "highly skilled" and had completed "on-going training to assure [Piccioli's] complete satisfaction." Appellant's Brief, at 22-23.

"Aimed at preventing consumer fraud, the UTPCPL enables an individual to institute a private action to recover damages for any ascertainable loss caused by unfair or deceptive acts or business practices." ***Lesoon v. Metro.***

_____

[10] In particular, Piccioli cites to the following sections of the UTPCPL in her fifth amended complaint:

> (v) **Representing that** goods or **services have** sponsorship, approval, **characteristics**, ingredients, uses, benefits or quantities **that they do not have** or that a person has a sponsorship, approval, status, affiliation or connection that he does not have;
>
> (vi) Representing that goods or services are of a particular standard, quality or grade . . . if they are of another; and
>
> (xxi) Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.

73 P.S. § 201-2(4)(v), (vi), & (xxi) (emphasis added).

***Life Ins. Co.***, 898 A.2d 620, 628 (Pa. Super. 2006).  "The Pennsylvania Supreme Court has stated [that] courts should liberally construe the UTPCPL in order to effect the legislative goal of consumer protection."  ***Knight v. Springfield Hyundai***, 81 A.3d 940, 949 (Pa. Super. 2013) (citation omitted).

Under the UTPCPL, "it is unlawful to engage in . . . 'unfair or deceptive acts or practices' in the conduct of any trade or commerce[.[11]]"  ***Id.***, citing 73 P.S. § 201-3(a).  To prevail in a private cause of action under the UTPCPL, an individual must establish that:

> (1) they purchased or leased goods or services primarily for a personal, family, or household purpose; (2) they suffered an ascertainable loss of money or property; (3) the loss occurred as a result of the use or employment by a vendor of a method, act, or practice declared unlawful by the [UTPCPL]; and (4) the consumer justifiably relied upon the unfair or deceptive business practice when making the purchasing decision.

***Gregg v. Ameriprise Fin., Inc.***, 245 A.3d 637, 646 (Pa. 2021) (quotation marks omitted); ***see also*** 73 P.S. § 201-9.2(a).  In addition to other elements, an individual seeking relief under the UTPCPL must establish the elements of justifiable reliance and causation.  ***Kirwin v. Sussman Auto.***, 149 A.3d 333, 336 (Pa. Super. 2016).

Instantly, Piccioli claimed that Faust Heating's "misleading statements and representations" consisted of the following phrases listed on the heating company's website:

---

[11] The UTPCPL defines "trade" and "commerce" as "the advertising . . . of any services . . . and includes any trade or commerce directly or indirectly affecting the people of this Commonwealth."  73 P.S. § 201-2(3).

- 13 -

- its employees are "extensively trained" and "100% dedicated to customer satisfaction;"
- its employees are "service professionals;"
- it upholds the "family tradition of excellence;"
- its employees are "trustworthy" and "dependable;"
- the customer's experience would be "one of comfort and trust, not anxiety and worry;" and
- it provides "services of a high quality and competency"

Fifth Amended Complaint, 5/11/22, at ¶¶ 61 (a.-g.).

"Representing that goods or services are of a particular standard, quality or grade . . . if they are of another" is an unlawful activity under the UTPCPL. 73 P.S. § 201-2(4)(vii).[12]  However, "[w]here the impression created by [a] statement is one of exaggeration or overstatement expressed in broad language, it may be deemed non-actionable puffery [under the UTPCPL]." *Commonwealth v. Golden Gate Nat'l Senior Care, LLC*, 194 A.3d 1010, 1023 (Pa. 2018).  When considering whether statements are actionable under the UTPCPL:

> [statements of a] patently hyperbolic or excessively vague character that dissuades any reasonable consumer from placing reliance thereon as fact render [such] puffery non-actionable under the UTPCPL.  In contrast, where a plaintiff establishes that a statement contains believable, inaccurate statements of fact, the statement falls beyond the reach of a puffery defense.

*Id.* at 1024 (citation omitted).

---

[12] The UTPCPL also considers "[m]aking repairs, improvements or replacements on tangible, real[,] or personal property, of a nature or quality inferior to or below the standard of that agreed to in writing" as a deceptive act or practice.  73 P.S. § 201-2(4)(xvi).  However, here Piccioli has alleged that the parties' agreement was oral, not written.

Here, the trial court concluded that Piccioli did not make a legally sufficient claim under the UTPCPL where she "has not demonstrated [that] she suffered an 'ascertainable loss' that occurred as a result of [Faust Heating's] 'deceptive' statements.'" Trial Court Opinion, 9/6/22, at 6. Moreover, the court found that "one accident [by an employee] does not demonstrate [that Faust Heating] lied about its services or its employees . . . [as even] highly trained and experienced service professionals can and do make mistakes." *Id.*

Instantly, Piccioli's complaint fails to plead any alleged facts to illustrate that Faust Heating employees are not highly skilled or that the company does not provide high quality service, other than a factual statement that a Faust Heating employee accidentally caused damage in her attic while he was there to fix her furnace. At most, the claims made on Faust Heating's website were generalized statements that amounted to mere "puffery"—simply claims regarding the superiority of its services. The statements were neither "deceptive" nor made with an "intent to induce" Piccioli to use its services.[13] Accordingly, we agree that the court properly dismissed Piccioli's UTPCPL count.

### Counts III & IV – Negligence & Negligent Supervision/Hiring/Retention

---

[13] In fact, it is common practice for similarly-situated consumers to not take such statements at face value, but seek referrals or ask questions regarding a company's prior jobs before employing its services.

Finally, Piccioli contends the trial court improperly dismissed her negligence-based claims where there is a "strong public policy in favor of a service provider owing a duty to its customer[,] . . . the risk of allowing employees to cause damage to [a] customer's property, without holding the service provider responsible . . . cannot be overstated[,] . . . and the consequences of imposing a duty upon [Faust Heating] are <u>minimal</u>." Appellant's Brief, at 35 (emphasis in original).

The trial court concluded that Piccioli's negligence claims are barred by the "gist of the action" doctrine where Piccioli alleges nothing more than her negligence claims "are in fact based upon [an alleged] contract." **See** Trial Court Opinion, 9/6/22, at 8 (pointing out Piccioli's claim that Faust Heating "did not provide the type of 'quality' repair it had advertised [under the parties'] service agreement."). We agree.

Faust Heating correctly notes that Piccioli's negligence claims "were nothing more than a regurgitation of her breach of contract claims under a new theory." Appellee's Brief, at 10. Piccioli attempts to convert her contract claim into one sounding in tort by listing the negligence counts in her complaint as "alternative" counts to her breach of contract claim. Here, Piccioli's negligence claims were not based on Faust Heating's alleged breach "of a general social duty," but rather an allegation that Faust Heating had directly breached its service agreement with her where Faust's employee did not perform with the level of "professionalism and quality" that she had expected. **See Bruno v. Erie Ins. Co.**, 106 A.3d 48, 66 (Pa. 2014) (contract

claim cannot be converted to one in tort simply by alleging conduct in question was wantonly done). Here, the facts pled in Piccioli's complaint allege that the duty Faust Heating breached was a private contractual one. ***See Bash v. Bell Tel.***, 601 A.2d 825, 829 (Pa. Super. 1992) ("Tort actions lie for breaches of duties imposed by law as a matter of social policy, **while contract actions lie only for breaches of duties imposed by mutual consensus agreements between particular individuals**[.]") (citation omitted) (emphasis added). Thus, the trial court correctly dismissed Piccioli's negligence-based claims (Count III and Count IV of fifth amended complaint) based on the "gist of the action" doctrine.

Accordingly, we conclude that the trial court did not commit an error of law or abuse its discretion in granting Faust Heating's preliminary objections and dismissing Piccioli's fifth amended complaint with prejudice. ***Feingold***, ***supra***.

Order affirmed.

Panella, President Judge joins this memorandum.

Stabile, J., files a Concurring/Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/05/2023